**Richard L. SHIMEL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–81–428–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 27, 1982.

Jerry D. Patchen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Appellant, by proper motion, has brought to this court's attention the fact that crucial pages of the statement of facts were missing due to some error in transporting the record from the district court. Accordingly, we withdraw our original disposition of this case and substitute the following opinion.

Richard L. Shimel (appellant) appeals two orders of revocation of probation and a conviction for possession of methamphetamine with intent to deliver. Appellant had been convicted of unauthorized use of a motor vehicle and possession of tetrahydrocannabinol in Cause Nos. 306,040 and 303,-852, to which offenses he pleaded guilty and for which he received two concurrent sentences of 10 years probation. Subsequently, appellant was arrested and charged in Cause No. 332,828. At hearings held May 22 & 26, 1981, the trial court overruled appellant's three identical motions to suppress and consolidated the causes. The hearing was recessed to May 27th when appellant entered a guilty plea in Cause No. 332,828. The trial court revoked his probation in Cause No. 303,852 and 306,040, assessed a punishment in each cause at ten years confinement, sentences to run concurrently, and granted appellant permission to appeal pursuant to Tex.Code Crim.Pro.Ann. art. 44.02 (Vernon 1979). On November 12, 1981, in response to appellant's motion, we ordered the three above cause numbers consolidated for appellate review. Appellant states in his brief that the plea bargaining arrangement provided that the evidence heard at the hearing on the motions to suppress would be brought forward on appeal pursuant to Tex.Code Crim.Pro.Ann. art. 44.02 (Vernon 1979) thus avoiding any waiver of those contentions. *See, Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App.1981). In its brief the state concedes: "After a careful review of the record, the state finds that the appellant has successfully preserved for appeal purposes the issue presented herein." Therefore, no question that appellant waived his contention exists. The transcription of the May 27th hearing before this court shows the stipulated evidence, marked as an exhibit, was, in fact, used to determine appellant's guilt. Moreover, the record contains the trial court judge's docket notation indicating he considered that evidence in finding appellant guilty, and both parties' briefs reiterate that evidence.

In asserting two grounds of error, appellant challenges the trial court's overruling his motions to suppress because the arrest and search leading to his conviction in Cause No. 332,828 violated the fourth amendment. The issues presented in this case have been resolved in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and subsequent authorities. A determination of the constitutional validity of an arrest and search depend upon the facts and circumstances of each case requiring, therefore, an exposition of the facts in the case before us. At 10:00 P.M. on April 8, 1981, Officer Lucas of the Houston Police Department (HPD) Narcotics Division received a tip from a confidential informant that "Rick" Shimel would be bringing a quantity of methamphetamine from Los Angeles in the early morning hours of April 9th and would have a brown suitcase with him. Later, around midnight, Lucas received a second call from the same informant who stated appellant would arrive at 6:00 A.M. on Continental Flight No. 602 and be met by "Spud" Messer and an-

other individual. Lucas contacted Officer Stewart of HPD's airport detail for assistance in establishing surveillance of appellant. Stewart, in turn, elicited the assistance of Officers Alexander and Furstenfel, while Lucas proceeded to obtain photographs of appellant and the others and to "pull their rap sheets." All of the officers convened at Intercontinental Airport at 5:00 A.M., April 9th. For reasons unclarified by the record, confusion existed concerning on which airline appellant would arrive. It was ascertained, however, that Continental Flight No. 52 would arrive at 6:00 A.M. from Los Angeles, and the officers stationed themselves near the appropriate arrival gate. At approximately 5:58 A.M., appellant deplaned and was observed walking toward the main terminal lobby area where appellant moved from side to side of the area, frequently used the restroom, looked around and read a magazine.

After about 30 minutes, appellant entered the elevator to go to the baggage area below. Stewart and Lucas, using the escalator, inadvertently came face to face with appellant, who, according to their testimony, recognized them, at which point Stewart arrested appellant ostensibly for "investigation of narcotics," handcuffed and searched him. Although the officers testified they were also looking for a weapon because appellant "was known to carry weapons," Stewart's search exceeded the limits prescribed for a "pat down" or "frisk" in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), for by reaching into appellant's pants pocket, he found a baggage claim ticket. Alexander took the ticket, compared its numbers with those on a brown suitcase he had observed on the conveyor belt and seized it. Both appellant and the suitcase were taken to the airport narcotics division office, where the officers interrogated appellant after, according to the officers' testimony, appellant had been given his "legal warnings." There is no evidence in the record to indicate these met the requirements of Tex.Code Crim.Pro. Ann. art. 38.22 (Vernon 1979) or *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Sometime during the custodial interrogation appellant purportedly made a statement which the officers interpreted as either voluntary abandonment or consent to search the suitcase. The record, composed of summarized evidence to which the parties had stipulated at the hearing on the motions to suppress, does not reveal any statement, but, allegedly, appellant said he didn't care what the officers did because the bag didn't belong to him in reply to the officers' request to search it. The subsequent search produced a quantity of methamphetamine and documents linking appellant to the suitcase.

■■■■ Appellant's first ground of error asserts the trial court erred in overruling his motions to suppress because his arrest was illegal and violative of the fourth amendment. The same standards promulgated in *Aguilar* and *Spinelli* for issuance of a search warrant based upon an informant's tip apply here where a warrantless arrest ensued from similar information. 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Quilce v. State,* 624 S.W.2d 940, 942 (Tex.Cr.App.1981); *Nastu v. State,* 589 S.W.2d 434, 438 (Tex.Cr.App.1979); *Truitt v. State,* 505 S.W.2d 594, 596 (Tex.Cr.App. 1974). In addition to being founded upon probable cause, a valid arrest, with or without a warrant, which derives from an informer's tip must meet both prongs of the *Aguilar* and *Spinelli* tests, e.g.: (1) a showing of the circumstances underlying the informant's conclusions, i.e., the source of the informant's information; and (2) the reasons for which the officer(s) deemed that individual credible and the information reliable. *Aguilar, supra,* 378 U.S. at 114–115, 84 S.Ct. at 1514; *Spinelli, supra,* 393 U.S. at 412–413, 89 S.Ct. at 587. The record shows Lucas testified the same informant had previously given information on other occasions from which Lucas could "make" those cases, i.e., the information proved correct. There is, however, no indication of the source of or underlying circumstances supporting the informant's knowledge. This defect may not prove fatal where the information contains considerable detail later

corroborated by officers' observations which would tend to illustrate the informant's personal knowledge of the events. *Draper v. United States,* 358 U.S. 307, 313–314, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The information received by Lucas reported: (1) Rick Shimel would arrive; (2) from Los Angeles; (3) at around 6:00 A.M.; (4) on Continental Flight No. 602; (5) with a brown suitcase and a quantity of methamphetamine; and (6) be met by "Spud" Messer and another individual. As the events unfolded at Houston Intercontinental Airport: (1) "Rick" Shimel arrived; (2) from Los Angeles; (3) at around 6:00 A.M.; (4) on Continental Flight No. 52; and (5) had checked a brown suitcase which contained the contraband, discovered only as a result of the search to be discussed below.

Ever mindful that this court's ineluctable duty demands assiduous defense of the rights embodied in the Constitution, we do not find the facts corroborated prior to the officers' intercepting appellant sufficient under *Draper* to create probable cause for his arrest. Because the arrest was illegal, the evidence derived from that arrest would absorb the taint of that illegality and, therefore, be properly subject to suppression. *Dunaway v. New York,* 442 U.S. 200, 218–219, 99 S.Ct. 2248, 2259, 60 L.Ed.2d 824 (1979); *United States v. Lara,* 638 F.2d 892, 895 (5th Cir.1981); *United States v. Garrett,* 495 F.Supp. 159, 165–166 (S.D.Tex. 1980). There is nothing in the record demonstrating any break in the illegal chain linking appellant's arrest with the evidence seized afterward and his subsequent conviction, and, therefore we find the trial court erred in overruling appellant's motions to suppress. Accordingly, we reverse the judgment of the trial court.

Reversed.