Bryant WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–330–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 13, 1998.

Donald Bankston, Richmond, for appellant.

Josh McCown, Dist. Atty., Wharton, Robinson C. Ramsey, San Antonio, for state.

Before SEERDEN, C.J., and HINOJOSA and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Bryant Williams appeals from his conviction for possession of a controlled substance. The issues on appeal are: (1) whether under the Texas Rules of Criminal Evidence, the court erred in not allowing into evidence certain impeachment testimony and (2) whether the court erred in allowing evidence of a pending appealed conviction during the punishment phase. We find no error in the issues presented by the appellant and affirm the conviction.

During appellant's jury trial, one of the State's chief witnesses was the arresting officer, Detective Terry Lynch. Appellant wanted to impeach Lynch's testimony through Latisha Harris, a former police station intern. The day before appellant's arrest, Harris alleged that she heard Lynch state that he "would do anything to get" Williams. During the State's case-in-chief, Lynch denied making the alleged statement. Then during the defendant's case-in-chief, Williams sought to introduce Harris's testimony, and the State objected on the ground that a proper predicate had not been laid. After hearing the testimony out of the jury's presence, the judge ruled the testimony inadmissible. Later, over appellant's objection, the court allowed the jury to hear about appellant's prior conviction during the punishment phase. Subsequently, Williams was convicted and sentenced to ten years imprisonment and fined $10,000.

■ Appellant's first point of error argues that the trial court erred in excluding the testimony of Ms. Harris. Appellant contends that under Rule 613(b) of the Texas Rules of Evidence, the testimony was relevant to show bias and motive of the State's witness, Terry Lynch. However, the State argues that Williams did not lay the proper predicate for introduction of this evidence as required by Rule 613(b). We agree that appellant's impeachment testimony was not admissible because the proper foundation was not laid. Rule 613(b) states that "in impeaching a witness ... the contents and where, when and to whom made, must be made known to the witness, and the witness

must be given an opportunity to explain or to deny such circumstances or statement." TEX. R. EVID. 613(b). The following are the relevant excerpts from appellant's examination of Lynch:

Q: Have you ever made—first of all, do you recall have you ever used or referred to this gentleman [Williams] by [the] nickname "Red?"

A: Yes, sir, I have.

Q: Have you ever made the statement to anyone that "Red may think this is all a joke, but I'll do anything to get him"?

A: I don't recall that.

Q: Could you have made that statement and not recall it?

A: I don't recall making that statement.

Q: That's not my question. My question is could you have made that statement and not recall it?

A: I don't think it would be worth everything to get Bryant Williams.

Q: Again, that's not my question.

At this time the State objected to the speculative nature of the questioning, and the objection was sustained. Appellant asked similar questions a few more times, drawing further objections, which were also sustained. Appellant does not contest on appeal the trial court's ruling on the objection that the questioning was improperly speculative. Appellant's counsel then continued this way:

Q: ... Do you know an intern that interned at the police station by the name of Latisha Harris?

A: Tish Harris?

Q: Yeah.

A: I know her, yes, sir.

Q: By the way, did you and the prosecutor talk about your testimony last night or this morning?

A: Not in depth about—

Q: Well, did you talk about it at all?

A: Just basic (sic) what I might be able to expect today.

Q: Also the vehicle that you and the officer that was driving ...

Appellant never questioned Lynch any further about the statement Harris claimed to overhear. Appellant failed to apprise Lynch of "the contents and where, when and to whom" the alleged impeaching statement was made, and he was not "given an opportunity to explain or to deny such circumstances or statement." TEX R. EVID. 613(b). Therefore, appellant failed to lay the proper predicate for introduction of this evidence, and the trial court properly refused to admit it.

Appellant's second issue challenges the use of evidence during the punishment phase of the trial concerning a case wherein appellant received deferred adjudication and had appealed on the ground that his guilty plea had been involuntary. Appellant relies on article 37, section 3(a) of the Texas Code of Criminal Procedure, and the cases *Taylor v. State*, 911 S.W.2d 906 (Tex.App.—Fort Worth 1995, pet. ref'd) and *Hunter v. State*, 640 S.W.2d 656 (Tex.App.—El Paso 1982, pet. ref'd). *Taylor* and *Hunter* applied the former version of article 37, section 3(a), which provided:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3471, 3492. *Taylor* and *Hunter* held that, because a case in which a defendant receives deferred adjudication and then appeals does not represent a "final conviction" while the case is on appeal, article 37 section 3(a) did not permit evidence of the case to be admitted during the punishment phase of a separate prosecution. *Taylor*, 911 S.W.2d at 910; *Hunter*, 640 S.W.2d at 660.

However, in 1993 the legislature amended this statute, so that it now provides:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act....

Act of June 19, 1993, 74th Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759, now codified at TEX. CODE CRIM. PROC. ANN. art 37 § 3(a) (Vernon Supp.1998).

■ We hold that the 1993 amendment altered the law such that evidence may be admitted during the punishment phase of a criminal trial concerning a previous offense for which the defendant received deferred adjudication and has appealed. This kind of previous offense fits within the provision allowing evidence of "an extraneous crime or bad act ... for which he [the defendant] could be held responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." The reference in the former statute to evidence of the defendant's "prior criminal record" limited only to "final convictions," which was determinative in *Taylor* and *Hunter*, is expressly expanded in the amended statute. The legislative history reveals that the amendment was intended to "permit evidence regarding extraneous crimes or bad act (sic) to be admitted in the punishment phase of a trial." HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. S.B. 1067, 73rd Leg., R.S. (1993).

Therefore, we hold that the trial court did not err in admitting evidence of the extraneous offense for which appellant's deferred

 

adjudication was on appeal. The judgment of the trial court is AFFIRMED.