Jerry Lynn HARVEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. B14–90–00647–CR,
B14–90–00650–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 12, 1991.

Michael P. Fosher, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Charged by indictment in Cause No. 517,-873 with unauthorized use of a motor vehicle, appellant pled guilty. The court found appellant guilty and assessed punishment at five years probation and a $500.00 fine.

While still on probation appellant was indicted for murder in Cause No. 539,346. He pled not guilty. Six days after appellant was arrested and confined to jail on the murder indictment, the State's Motion to Revoke Probation was filed. The Motion to Revoke Probation was carried along with the trial for murder.

The jury found appellant guilty of murder and the trial court revoked appellant's probation on the same evidence heard by the jury in the murder trial. The court assessed punishment upon revocation of probation in No. 517,873 at five years in prison. The jury thereafter assessed punishment in the murder case, No. 539,346, at thirty-five years in prison.

The trial court granted the state's motion to cumulate sentence and stacked the thirty-five years on the five years assessed in No. 517,783. Appellant complains on appeal of the following trial court actions: (1) the affirmative finding that the appellant used a deadly weapon during the commission of the offense; (2) the failure to give an instruction on involuntary conduct in the jury charge; (3) the cumulation of the sentences for the two offenses; (4) the use of the murder evidence as grounds for the revocation of probation; and (5) the failure of the trial court to credit both sentences with the days spent in jail awaiting and during the murder trial.

We reform the judgment in No. 517,873 to credit appellant's five year sentence with 331 days spent in jail. As reformed, that judgment is affirmed. We also reform the judgment in No. 539,346 by deleting therefrom the affirmative finding that appellant used a deadly weapon during the commission of the offense of murder. As reformed, the judgment of the trial court in the murder case is affirmed.

The events leading up to the murder of Herbert Pollard began on August 15, 1989. The appellant provided Pollard with an amount of crack cocaine. Pollard was to sell the cocaine and account to appellant for the sale proceeds. The next day appellant, Terry Harvey, Cornelius Jenkins, and Neal Phillips went to Pollard's apartment to collect the money from the sale. Pollard was not in. Pollard's girlfriend, Cynthia Tillman, and Derek Burton were the only ones found at the apartment. After waiting for Pollard to return, the group decided to look for him. They called a cab, and all of the men and Cynthia Tillman left in search of Pollard. Two stops were made before Pollard was finally located walking down the road. He told the men that the money they wanted was at his brother's house. So the whole group went there, but Pollard was unable to locate the money. The appellant and Jenkins confronted Pollard about the lost money and a fight started on the porch of Pollard's brother's house. Pollard then fled and tried to get into the house across the street. Terry Harvey, Jenkins and appellant chased Pollard and began struggling with him on the porch steps. The three were unable to pull Pollard off the porch, and it was then that Terry Harvey pulled a gun from his pocket. He cocked the hammer and pointed it at Pollard.

There are five different versions of what happened next. Basically, appellant either ordered one of the three to shoot Pollard or appellant took the revolver and did it himself. There was testimony from Derek Burton, a minor who was staying with Pollard and Tillman, that appellant was holding the gun at the time the shooting occurred. Phillips testified that Terry Harvey shot Pollard and that the appellant said nothing during the encounter. Terry Harvey testified that Jenkins was holding the gun when it went off and that the appellant was grabbing for the gun in an attempt to prevent the shooting. After the shooting occurred, it is undisputed that the appellant returned to the cab in possession of the revolver.

Appellant's first point of error is sustained. The state concedes that the affirmative finding of use of a deadly weapon was in error. This finding should be deleted from the conviction.

■ In his second point of error appellant complains of the trial court's failure to instruct the jury on voluntariness. Appellant requested the court to instruct the jury on accident rather than voluntariness. This request is not sufficient to preserve error. No instruction on voluntariness was requested. Appellant requested the following instruction on accident:

"... Ladies and gentlemen of the jury, if you find from the evidence adduced at trial that the death of Herbert Pollard resulted from conduct which amounts to

being an accident then you would have to find the defendant not guilty as charged."

The amended penal code no longer recognizes accident as a separate defense requiring an instruction. In *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Crim.App.1982), the court explains the significance of the legislature's amendment to the penal code by stating, "There is no law and defense of accident in the present penal code, and the bench and bar would be well advised to avoid the term 'accident' in connection with offenses defined by the present penal code." Appellant's point of error was not preserved for our review because appellant failed to properly request an instruction on voluntariness.

■ However, if the trial court's failure to give an instruction on voluntariness when appellant requested an accident instruction was error, it was harmless error. The standard of review of an alleged trial court error in this area is stated in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984). In *Carter v. State*, 717 S.W.2d 60, 78 (Tex.Crim.App.1986), the court explained that the *Almanza* standard was to be applied to both fundamental and ordinary reversible error cases dealing with TEX.CODE CRIM.PROC.ANN. art. 36.19. This section of the code dictates how the jury charge in a criminal case is to be reviewed on appeal. *Almanza*, 686 S.W.2d at 171 interprets Article 36.19 to require reversal for an error that has been properly preserved only if there is some harm to the accused from the error. This determination of actual harm is to be made in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel and any other relevant information revealed by the record of the trial as a whole.

Based on this analysis, the error, if any, by the trial court in its refusal to include an instruction on voluntariness would not require reversal. The charge taken as a whole describes the intent and knowledge required for homicide in great detail. Intent is defined in the charge to require appellant's conduct to be the result of his conscious objective or desire to engage in the conduct. The charge explains that legal knowledge requires that a person be aware that his conduct is reasonably certain to cause the result. The charge construed as a whole provides adequate instructions to the jury which encompass the requirement for the state to prove intent. It also provides enough explanation for a reasonable jury reading the instructions as a whole, to find that the appellant did not voluntarily engage in the conduct at issue if they so felt.

The weight of the evidence is against the assertions made by appellant. He claims he was trying to prevent the murder of Herbert Pollard. Two witnesses testified that appellant was grabbing for the gun to encourage the murder, not to stop it. There was evidence that appellant wanted to teach Herbert Pollard a lesson and was encouraging the killing. A rational trier of fact could have found this to be true beyond a reasonable doubt even without an instruction on voluntariness. The only evidence which raised the issue of voluntariness was the testimony of appellant. The weight of the evidence presented supports the ultimate findings made by the jury. Based on the weight of the credible evidence the failure of the trial judge to include a voluntariness instruction in the charge caused no actual harm to appellant.

During closing arguments, appellant's attorney argued a number of times and in different ways that appellant did not voluntarily engage in the conduct which resulted in Herbert Pollard's death. He argued that the testimony of the accused alone raised a reasonable doubt as to whether the state met its burden of showing the requisite intent for murder. This argument put the issue of voluntariness before the jury very forcefully. The jury was alerted to their right to find that a reasonable doubt existed as to whether appellant acted voluntarily with the required intent. The jury rejected this contention based on the weight of the credible evidence presented to the contrary. Under the *Almanza* test there was no actual harm demonstrated in the record from the denial by the trial

court of the instruction requested on accident.

■ In the third and fourth points of error appellant complains of the trial court's cumulation of sentences and the use of the same evidence in the revocation of probation hearing as was used in the murder trial. Neither of these complaints is valid on appeal. We overrule points of error three and four.

The legislature has by statute given the trial judge the discretion to cumulate the sentences for two or more convictions. TEX.CODE CRIM.PROC.ANN. art. 42.08(a). The affirmative finding by the trial judge that appellant had violated a condition of his probation has been held to constitute justification for cumulating sentences. *Bowden v. State*, 627 S.W.2d 834 (Tex.Crim. App.1982). In *Hammond v. State*, 465 S.W.2d 748, 752 (Tex.Crim.App.1971), the court of criminal appeals held that article 42.08, *supra*, does not deprive an appellant of his constitutional right of due process. The court has also held that this article of the code is constitutional. The only standard of review applicable is the abuse of discretion standard. There is no evidence presented on appeal which would show that the trial judge abused his discretion in ordering the sentences to run cumulatively. Therefore the trial judge's cumulation of the sentences was constitutional and not an abuse of discretion.

■ The use of the same evidence to revoke appellant's probation as was offered in the murder trial is not unconstitutional. Probation revocation hearings are administrative in nature. *Davenport v. State*, 574 S.W.2d 73 (Tex.Crim.App.1978). A violation of probation conditions need only be shown by a preponderance of the evidence, not beyond a reasonable doubt. *Russell v. State*, 551 S.W.2d 710 (Tex.Crim.App.1977) *cert. denied*, 434 U.S. 954, 98 S.Ct. 480, 54 L.Ed.2d 312. These are two different types of proceedings applying the same evidence for two different purposes. The evidence is presented at a revocation proceeding to determine whether or not the defendant violated his probation contract with the court. In a criminal trial the same evidence is offered to determine whether a defendant committed the crime alleged in the indictment. The different burdens of proof placed on the state emphasize the distinctions made in the law between the proceedings.

In *Gomez v. State*, 685 S.W.2d 333, 336 (Tex.Crim.App.1985), the court explained that the use of the same evidence in both proceedings is clearly permitted by saying, "Since the evidence is sufficient to support a finding of guilt beyond a reasonable doubt for the offense of aggravated robbery, the same evidence is sufficient to support the finding of a probation violation by a preponderance of the evidence." In this statement the court of criminal appeals has by implication approved the use of the same evidence offered at the trial for the second offense to show grounds for revocation of probation. This court has held that evidence which is sufficient to support a finding that appellant committed a second offense is also sufficient to support the revocation. *Gonzales v. State*, 659 S.W.2d 62 (Tex.App.—Houston [14th Dist.] 1983, no pet.). The use of the same evidence adduced at the trial on the second offense to prove the breach of probation does not violate due process or equal protection concerns based on the distinctions made between the two proceedings.

In *Davenport*, supra, the court makes it clear that double jeopardy does not apply to bar the probation revocation proceeding in any phase. It explains that legal jeopardy does not apply unless a person is put to trial on an indictment or information sufficient to sustain a conviction, and when a jury is sworn and empaneled. Ultimately the court in *Davenport*, holds, "We are thus constrained to hold that the double jeopardy protections of both the Texas and Federal Constitutions do not apply to a proceeding wherein the result is deemed to be neither a conviction nor acquittal." Based on the fact that the revocation hearing has been defined as primarily an administrative proceeding and on the holding in *Davenport*, double jeopardy does not operate to bar the use of the same evidence in the two different proceedings.

Under appellant's final point of error he complains of the trial court's failure to properly credit both the sentences with the time spent in jail awaiting trial. This court held in *Harris v. State*, 781 S.W.2d 365 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd), that in all criminal cases, the judge of the court in which the defendant has been convicted shall give credit on his sentence for time spent in jail on said cause. This included the time spent from the time of arrest and confinement until his sentence by the trial court. The appellant in this case was being held in jail on both the motion to revoke probation and the murder charge. Thus he is entitled to credit on both sentences for the time spent in jail.

In the trial court's judgment on the murder conviction appellant was given credit for 337 days spent in jail between the time of his arrest and the date of the judgment. In the judgment revoking appellant's probation on the conviction for unauthorized use of a motor vehicle, appellant was sentenced to five years in prison but was given credit for only five days spent in jail from the date the trial began until the date of the judgment. We will reform the trial court's judgment to credit appellant's five year sentence with 331 days spent in jail from August 23, 1989, the date the Motion to Revoke Probation was filed, until July 19, 1990.

As reformed, both judgments are affirmed.