Reversed and Remanded and Majority Opinion filed July 31, 2003













Reversed and Remanded and Memorandum Opinion filed July 31, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00869-CR

____________

 

ROMAN LEE HAYWARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 248th District Court

Harris County, Texas

Trial
Court Cause No. 903,326

 



 

M
E M O R A N D U M  O P I N I O N

Appellant
Roman Lee Hayward was convicted by a jury of the offense of murder.  Asserting two points of error, appellant
contends the trial court=s denial of his request for a jury charge on voluntary conduct
was reversible error.  See Tex. Pen. Code Ann. '
6.01(a) (Vernon 2003).  We agree.  Therefore, we reverse and remand for a new
trial.

FACTUAL
AND PROCEDURAL HISTORY

This
cause arises from the shooting death of complainant Jerry Winfrey.  The only eyewitnesses to the event were
appellant and his common law wife, Danielle Spencer, who testified for the
State.  Although appellant did not
testify at trial, his videotaped custodial statement was played in its entirety
for the jury.








According
to Spencer, complainant=s death occurred sometime after dark on February 18, 2002.  On that date, complainant and appellant had
an argument in the backyard of appellant=s home.  During the
argument, appellant temporarily abandoned complainant, entered his home,
retrieved a shotgun, loaded the shotgun with two shells, and returned to
appellant in the backyard.  Appellant
then attempted to hit complainant with the butt of the shotgun; however,
complainant grabbed the gun and, after a struggle, the gun Aautomatically@
went off.  Spencer characterized the
shooting as an accident.

According
to appellant, the death occurred as a result of a suicide attempt by
complainant.  Appellant claims he went
outside to search for complainant, who had been missing from the house for a
long period of time.  When appellant
found complainant, complainant was  despondent
and talking about suicide.  Complainant=s
shotgun was leaning against a truck.  

In
appellant=s custodial statement, appellant states that he observed
complainant grab the shotgun barrel and point it at himself.  When appellant grabbed the other end of the
shotgun and struggled to take it away from complainant, the shotgun just Awent
off@
and killed complainant with a single discharge. 
Although appellant=s story varies significantly from the story related by Spencer,
appellant also characterizes the shooting as an accident.

Both
Spencer and appellant agree that, after complainant=s
death, appellant borrowed a neighbor=s wheelbarrow and removed complainant=s
body from the premises.  Appellant admits
he dumped the body in a vacant field near his house and laid the gun on the
body.  The evidence proffered at trial
suggests the reason he did this was because he panicked and did not think
anyone would believe him if he told them the shooting was an accident.

Although
the complainant=s body and gun were found positioned in such a way as to make
it appear complainant committed suicide, the State=s
autopsy report characterized complainant=s death as a Ahomicide.@  The bullet was
determined to have (1) entered complainant=s body in the front; (2) traveled toward the back of his body;
and (3) followed a path from chest to abdomen.








Appellant
was tried by a jury.  Although he
requested an instruction on voluntariness, this
request was denied.   Appellant was
subsequently convicted and sentenced to twelve years in the Texas Department of
Criminal Justice, Institutional Division. 

ISSUE
ON APPEAL  

Asserting
two points of error, appellant contends the trial court committed reversible
error when it (1) denied appellant=s requested charge to the jury to acquit appellant if the jury
found the shooting was not a voluntary act; and (2) overruled appellant=s
objection to the jury charge for its failure to include an instruction on
voluntary conduct.

DISCUSSION

The
trial judge has the legal duty and responsibility to prepare for the jury a
proper charge distinctly setting forth the law applicable to the case.  Tex.
Crim. Proc. Code Ann. art. 36.14 (Vernon Supp. 2003).  We review
alleged charge error by answering two questions:  (1) whether error actually existed in the
charge; and (2) whether sufficient harm resulted from the error to result in
reversal.  Hutch v. State, 922
S.W.2d 166, 170B71 (Tex. Crim. App. 1996).

A
person Acommits
an offense only if he voluntarily engages in conduct, including an act, an
omission, or possession.@  Tex. Pen. Code Ann. ' 6.01(a) (Vernon 2003).[1]  The evidence must show that appellant
committed a voluntary act with the requisite mental state.  Moss v. State, 850 S.W.2d 788, 795 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d).  Voluntariness,
per se, is not a jury question.  Id.  In the absence of
evidence that appellant=s conduct was involuntary, such conduct is voluntary as a
matter of law.  Id.








A
defendant is entitled to a jury charge on the voluntariness
of his conduct only if the evidence raises the issue.  See Williams v. State, 630 S.W.2d 640,
644 (Tex. Crim. App. 1982); Brown
v. State, 906 S.W.2d 565, 567 (Tex. App.CHouston [14th Dist.]
1995), aff=d 955 S.W.2d 276 (Tex. Crim.
App. 1997); Gerber v. State, 845 S.W.2d
460, 467 (Tex. App.CHouston [1st Dist.] 1993, pet. ref=d).  Where the evidence
does not raise the issue of involuntary conduct, the trial court is not
required to include the instruction in its charge to the jury.  See George v. State, 681 S.W.2d 43, 47
(Tex. Crim. App. 1984).[2]      

The
fact that a weapon Ajust went off@ does not render an act involuntary so as to require a
charge.  Brown, 906 S.W.2d at
567.  Indeed, where an accused is acting
alone when a gun is Aaccidentally@ fired, there is no basis for a jury charge on the issue of voluntariness.  Id.  Where evidence of a
struggle or Aevidence of a precipitating act of another@
exists, however, a defensive instruction is warranted.  Id. at 568; see also Brown v. State,
955 S.W.2d 276, 280 (Tex.
Crim. App.
1997) (appellant entitled to voluntariness
instruction where evidence showed appellant was bumped from behind, causing gun
to discharge); Garcia v. State, 605 S.W.2d 565, 566 (Tex. Crim.
App. 1980) (appellant entitled to voluntariness charge where complainant attempted to grab
gun away from defendant=s hand and caused gun to discharge). 








Here,
Spencer testified (1) the complainant grabbed appellant=s
gun and the two were struggling over it when it discharged; (2) appellant tried
Ato
take [the gun] away from the complainant and the gun Aautomatically@
went off; and (3) she thought the killing was an Aaccident.@  Additionally, a police
officer testified that when he questioned appellant regarding the incident,
appellant characterized the killing as an Aaccidental@ shooting.  Finally, in
appellant=s videotaped statement, which was admitted into the record,
appellant claimed that when complainant picked up the gun and held it near his
face, appellant tried to grab the gun and it Awent off.@  AI
was trying to get his hand off it,@ he claimed, AI don=t know whether he hit it [the trigger] or I hit it.@

Because
there is evidence in the record to support a finding that appellant did not
voluntarily cause the death of complainant, we conclude appellant was entitled
to an instruction on voluntariness.

HARM
ANALYSIS

A
judgment will not be reversed based on charge error unless the error was Acalculated
to injure the rights of [the] defendant, or unless it appears from the record
that the defendant has not had a fair and impartial trial.@  Tex. Code
Crim. Proc. Ann art. 36.19
(Vernon 1981).  When an
appellate court finds charge error, it must determine whether the error caused
sufficient harm to require reversal.  Benge v. State, 94 S.W.3d 31, 37 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (citing Hutch, 922 S.W.2d at 170B71).


The
degree of harm necessary for reversal depends upon whether the error was
preserved.  Benge,
94 S.W.3d at 37; see also Almanza v. State,
686 S.W.2d 157, 171 (Tex.
Crim. App.
1985).  Error properly preserved will
require reversal as long as the error is not harmless.  Almanza, 686
S.W.2d at 171.  This means Aany harm, regardless of degree, is sufficient to require reversal.@  Benge, 94
S.W.3d at 37; see also Almanza, 686 S.W.2d at
171.

In
conducting the harm analysis, a reviewing court may consider the following
factors:  (1) the charge itself; (2) the
state of the evidence, including contested issues and the weight of probative
evidence; (3) arguments of counsel; and (4) any other relevant information
revealed by the record of the trial as a whole. 
Benge, 94 S.W.3d at 37 (citing
Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993)).   Because
appellant preserved error in this case, we determine whether the error caused any
harm, regardless of degree.  See id.   








The
State cites three reasons for its contention that the  trial court=s error in failing to include a voluntariness
charge was harmless.  First, it argues
the trial court=s error was harmless because Athe charge taken as a whole describes the intent and knowledge
required for homicide in great detail;@ thus, Athe charge . . . provide[d] adequate instructions . . . which
encompass the requirement for the state to prove intent [and] . . . provide[d]
enough explanation for a reasonable jury . . . to find that the appellant did
not voluntarily engage in the conduct at issue if they so felt.@
 See Harvey v. State, 821 S.W.2d
389, 391 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d) (trial court=s error in denying accident 
instruction did not require reversal in part because the charge included
definitions of Aintentionally@ and Aknowingly@).  Second, the State
argues the trial court=s error was harmless because appellant=s
defense in the case was not that his actions were involuntary; rather,
it was that he did not intend to kill complainant.  Finally, the State argues the trial court=s
error was harmless because the Aweight of the evidence in this case is against appellant=s
assertions . . . [and] supports the ultimate findings made by the jury.@[3]  See id. at 391
(where the weight of credible evidence supports the jury=s
finding, the trial court=s error in failing to give an instruction on voluntariness is harmless). We disagree.








Voluntariness
and intent are not the same thing.  See
Alford v. State, 866 S.W.2d 619, 623 (Tex. Crim. App. 1993) (finding section 6.01(a) provides only Afor
the act element of criminal liability,@ not the intent element); Brown, 955 S.W.2d at
280 (Aissue
of voluntariness of one=s conduct, or bodily movements, is separate from the issue of
one=s
mental state@). Conduct is not rendered involuntary merely because an
accused does not intend the result of his conduct.  Brown, 955 S.W.2d at 279.  While intent refers to a person=s
mens rea, voluntarinessCAwithin
the meaning of subsection 6.01(a)@Crefers
to a person=s actus reus or Aphysical
bodily movements.@  Alford, 866 S.W.2d at 624.  Voluntariness, therefore, does not include an action
that is accidental or Amanipulated by a coercer.@  Id.   Thus, the State=s argument that the voluntariness
issue was subsumed by the Aintentionally and knowingly@ requirements of murder is erroneous.  See Brown, 955 S.W.2d at 280.

Moreover,
the State=s reliance on Harvey is misplaced.  There,
the court acknowledged that appellant=s request for an instruction on the issue of accident did not
preserve charge error on the issue raised on appeal, i.e., that the
trial court erred in failing to instruct the jury on voluntariness.  Harvey, 821 S.W.2d at 390. 
This court, however, examined the issue of harm stating Aif
the trial court=s failure to give an instruction on voluntariness
when appellant requested an accident instruction was error, it was harmless
error.@  Id. at 391.  The Harvey court concluded that the test for reversal, when error has
been properly preserved, was whether the error caused the accused some
harm.  Id.  The court found no harm
from the error, if any.  Id.

The
Harvey analysis of some harm has been rejected.  Rogers v. State, 105
S.W.3d 630, 640B41 (Tex. Crim. App. 2003).  Under the current penal code, there is no
defense of accident.  Id. at 637.  For purposes of
Penal Code section 6.01(a), an accident is not the same as the absence of any
voluntary act.  Id. at 639.  Thus, the
request for an instruction on accident, without more, is not sufficient to
alert the trial judge that the defendant is requesting an instruction on
voluntary conduct.  Id.  The Rogers court reversed the court of appeals for applying the Almanza Asome harm@ standard of review to appellant=s contention the trial court erred in failing to give an
instruction on voluntary conduct, when the request at trial was for an
instruction on accident.  Id. at 640B41.  

Moreover,
while the weight of the evidence may indeed be against appellant=s
assertions and support the findings made by the jury, a defendant is entitled
to an affirmative defensive instruction on every issue raised by the evidence
regardless of whether that evidence is strong, feeble, unimpeached,
or contradicted, and even if the trial court is of the opinion that the
testimony is not entitled to belief.  Brown,
955 S.W.2d at 279.  Indeed, the defendant=s
testimony alone may be sufficient to raise a defensive theory requiring a
charge.  Id.; Simpkins v. State, 590 S.W.2d 129, 132 (Tex. Crim.
App. 1979), disapproved on other grounds in
Lugo v. State, 667
S.W.2d 144, 147 (Tex. Crim. App. 1984).








Here,
we conclude appellant was harmed by the trial court=s
failure to instruct on voluntariness.  First, appellant was harmed because the jury
was not permitted to fulfill its role as factfinder
to resolve the factual dispute regarding whether appellant=s
act of firing  the shotgun was voluntary;
additionally, appellant was harmed because, had the trial court permitted an
instruction on voluntariness, the State would likely
have requested inclusion of an instruction on involuntary manslaughter or
criminally negligent homicideCboth lesser-included offenses of murder.  See Tex.
Pen. Code Ann. '' 19.04, 19.05 (Vernon 2003); 
see also Saunders v. State, 913 S.W.2d 564, 571 (Tex. Crim.
App. 1995) (A[i]t is at least arguable that a jury that believed the
defendant committed an uncharged lesser included offense, but unwilling to
acquit him of all wrongdoing, and therefore inclined to compromise, would opt
for a lesser included offense that was submitted rather than convict him
of the greater offense@). 

Not
only was there harm, but the harm affected appellant=s
substantial rights.  See Tex. R. App. Proc. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s
verdict or leaves one in grave doubt whether it had such an effect.  Davis v. State, 22
S.W.3d 8, 12 (Tex. App.CHouston [14th Dist.] 2000, no pet.).   

Here,
the trial court=s instruction directly influenced the options the jury could
consider in rendering its verdict; as such, the trial court committed
reversible error when it  failed to
instruct the jury on the voluntariness issue.  Thus, we sustain appellant=s
points of error.  See Brown, 955
S.W.2d at 280 (finding reversible error where the defendant requested voluntariness charge, the trial court denied it, and two
witnesses testified the gun accidentally discharged); Garcia, 605 S.W.2d
at 566 (finding reversible error where the defendant requested voluntariness charge, the trial court denied it, and there
was testimony suggesting the incident was an Aaccident@).  But see Carter v.
State, 717 S.W.2d 60, 77B79 (Tex.
Crim. App.
1986) (no reversible error because no egregious harm where appellant failed to
request or receive a voluntariness charge, failed to
object to lack of such a charge, and was not entitled to acquittal of the
underlying felony, even if the jury believed such a claim).








Because we find both error and harm, we
sustain appellant=s points of
error, reverse appellant=s conviction
for murder, and remand the cause to the trial court for a new trial.

 

 

 

 

/s/        John
S. Anderson

Justice

 

 

Judgment rendered and Memorandum Opinion
filed July 31, 2003.

Panel consists of Justices Anderson,
Seymore, and Guzman.

Do Not PublishCTex. R. App. P.
47.2(b).

 











[1]  There is no
defense of Aaccident@ in the
present Texas Penal Code.  Rather, the
function of the former defense of accident is performed by the voluntariness requirement of subsection 6.01(a).  See Alford v. State, 866 S.W.2d 619,
622 (Tex. Crim. App. 1993).  In interpreting subsection 6.01(a), the Court
of Criminal Appeals has held that Aone will
not be subjected to criminal liability for an accidental act.@ Id. at 623 (emphasis in original).





[2]  See
e.g., McFarland v. State, 928 S.W.2d
482, 513 (Tex. Crim.
App. 1996) (trial court=s denial of voluntariness
instruction upheld where there was Ano
evidence that a struggle over the gun occurred between appellant and [victim]@), overruled on other grounds in Mosley v. State,
983 S.W.2d 249, 263 (Tex. Crim. App. 1998) ; Joiner
v. State, 727 S.W.2d 534, 537 (Tex. Crim. App.
1987) (trial court=s refusal to instruct on voluntariness
upheld where A[t]here was no evidence of a scuffle, of the deceased=s striking [appellant] or the gun, or of any other
movement not willed by appellant@);  Moss, 850 S.W.2d at 795 (trial
court=s denial of voluntariness charge upheld where appellant Aproduced
no evidence that raised the issue@);
Henderson v. State, 825 S.W.2d 746, 751 (Tex. App.CHouston [14th Dist.] 1992,
pet. ref=d) (trial court=s
denial of voluntariness charge upheld where evidence
did not Aindicate that
[victim] fought back nor that there was any other movement not willed by
appellant.@); Gerber,
845 S.W.2d at 467 (trial court=s
denial of voluntariness charge upheld where, even
though appellant stated Ait accidently went off@
at the scene, there was no evidence appellant Aacted
involuntarily, i.e., under force externally applied@).





[3]  The State
asserts Spencer=s testimony was impeached.  Not only did Spencer admit she took three
types of medication for depression and, Afrom
time to time,@ would forget things, Spencer testified she
occasionally Asees things@ other
people do not see, hears voices Aa lot,@ and told another witness that it was the victim
who had the shotgun, not the appellant.