NUMBERS 13-05-194-CR


 13-05-195-CR

 13-05-196-CR 
 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


TUMAR YISING WILLIAMS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Memorandum Opinion by Justice Yañez


In a single issue, appellant, Tumar Yising Williams, contends the trial court erred in
ordering that his sentence in appellate cause number 13-05-196-CR (1) be served
consecutively with his sentences in appellate cause numbers 13-05-194-CR and 13-05-195-CR. (2) We affirm the judgments in each case. 

Background


Appellant was convicted on three separate indictments, each charging him with
delivery of a controlled substance, enhanced by a prior felony conviction. (3) The indictment
in appellate cause number 13-05-196-CR further alleged that the offense occurred within
1,000 feet of a school. (4) Pursuant to the State's motion to consolidate, the three cases
were tried together before the same jury. (5) A jury convicted appellant of all three offenses. 
Following a hearing, the trial court assessed punishment in cause numbers 13-05-194-CR
and 13-05-195-CR at seventeen years' imprisonment and a $3,000 fine in each case, to
run concurrently. In cause number 13-05-196-CR (the "drug-free zone case"), the court
assessed punishment at seventeen years' imprisonment and a $3,000 fine, to run
consecutively with the sentences in the other two cases. (6) 

In his sole issue, appellant contends the trial court erred in "stacking" his sentence
in the drug-free zone case with the other two sentences when the three cases were tried
in one trial. 

Standard of Review

We review a complaint about consecutive sentences under an abuse-of-discretion
standard. (7) An abuse of discretion generally will be found only if (1) the trial court imposes
consecutive sentences when the law requires concurrent sentences, (2) the trial court
imposes concurrent sentences when the law requires consecutive sentences, or (3) the
trial court otherwise fails to observe the statutory requirements pertaining to sentencing. (8) 

Analysis


Appellant argues that by consolidating the three actions, the State "implicated the
mandatory concurrent sentence provision" of section 3.03 of the penal code. (9) Section
3.03(a) provides:

(a) When the accused is found guilty of more than one offense arising
out of the same criminal episode prosecuted in a single criminal action, a
sentence for each offense for which he has been found guilty shall be
pronounced. Except as provided by Subsection (b) [inapplicable here], the
sentences shall run concurrently. (10)

The State responds that appellant's cases are governed by the punishment
enhancement provisions for offenses committed in a drug-free zone. (11) Specifically, the
State argues that section 481.134(h) of the health and safety code provides that
punishment increased for a conviction for an offense listed under the section "may not run
concurrently with punishment for a conviction under any other criminal statute." (12) We
agree with the State.

Section 481.102 of the health and safety code places cocaine in "Penalty Group
1." (13) Section 481.112 provides that a person commits an offense if the person "knowingly
manufactures, delivers, or possesses with intent to deliver a controlled substance listed in
Penalty Group 1." (14) The offense is a second-degree felony if the amount of the controlled
substance is one gram or more but less than four grams. (15) Because appellant offered to
sell between one and four grams of cocaine in each case, he committed a second-degree
felony, enhanced to a first-degree felony under the repeat felony offender statute. (16)

Section 481.134 of the health and safety code sets out a system for increasing the
punishment for certain offenses committed at or near certain locations, including schools. (17) 
Subsection (c) provides, in pertinent part, that the minimum term of imprisonment for an
offense otherwise punishable under section 481.112(c) (and certain other sections) is
increased by five years and the maximum fine doubled if the offense was committed within
1,000 feet of a school. (18) Subsection (h) provides that "[p]unishment that is increased for
a conviction for an offense listed under this section may not run concurrently with
punishment for a conviction under any other criminal statute." (19)

The record reflects that the trial court ordered the sentence in the drug-free zone
case to run consecutively following the completion of the sentences in the other two cases
"pursuant to 481.134(h) of the Health & Safety Code." We conclude the trial court did not
err in applying section 481.134(h) and ordering the sentence in cause number 13-05-196-CR to run consecutively with appellant's sentences in cause numbers 13-05-194-CR and
13-05-195-CR.

Conclusion


Accordingly, we overrule appellant's sole issue and affirm the trial court's judgments
in cause numbers 13-05-194-CR, 13-05-195-CR, and 13-05-196.CR. 



 

 LINDA REYNA YAÑEZ,

 Justice






Dissenting Memorandum Opinion by

Justice Castillo.


Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 31st day of August, 2006. 
1. Appellate cause number 13-05-196-CR is trial court cause number 04-10-21,270-D in the 377th District
Court of Victoria County, Texas.
2. Appellate cause number 13-05-194-CR is trial court cause number 04-10-21,268-D and appellate cause
number 13-05-195-CR is trial court cause number 04-10-21,269-D in the 377th District Court of Victoria
County, Texas.
3. See Tex. Pen. Code Ann. § 481.112(a), (c) (Vernon 2003). 
4. See Tex. Health & Safety Code Ann. § 481.134 (Vernon Supp. 2005) (providing that when certain offenses
are committed in a drug-free zone, punishment for the offenses may be enhanced).
5. See Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon 1989); Tex. Pen. Code Ann. § 3.02 (Vernon 2003)
(providing a defendant may be prosecuted in a single criminal action for all offenses arising out of the same
criminal episode).
6. See Tex. Health & Safety Code Ann. § 481.134(h) (Vernon Supp. 2005).
7. See Harvey v. State, 821 S.W.2d 389, 392 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd). 
8. Nicholas v. State, 56 S.W.3d 760, 765 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd).
9. See Tex. Pen. Code Ann. § 3.03(a) (Vernon Supp. 2005). Although section 3.03 was amended in 2005 and
the prior version is applicable, the amendments are not pertinent to the issues before us; accordingly, we cite
to the current version of the statute. 
10. See id. Similarly, section 481.132(d) of the health and safety code provides:


(d) If the accused is found guilty of more than one offense arising out of the same criminal
episode prosecuted in a single criminal action, sentence for each offense for which the
accused has been found guilty shall be pronounced, and those sentences run concurrently.


Tex. Health & Safety Code Ann. § 481.132(d) (Vernon 2003). 
11. See Id.§ 481.134 (Vernon Supp. 2005).
12. See id. § 481.134(h). 
13. See id. § 481.102 (3)(D).
14. See id. § 481.112(a) (Vernon 2003).
15. See id. § 481.112(c). 
16. See Tex. Pen. Code Ann. § 12.42(b) (Vernon Supp. 2005).
17. See Tex. Health & Safety Code Ann. § 481.134.
18. See id. § 481.134(c).
19. See id. § 481.134(h).