NO.
12-05-00379-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WILLIAM
THOMAS MOUSER, JR.,         §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            William
Thomas Mouser, Jr. appeals one conviction for aggravated sexual assault of a
child, five convictions of indecency with a child, and one conviction of
failure to register as a sex offender, for which he was sentenced to
imprisonment for life plus an aggregate of imprisonment for one hundred twenty
years.  Appellant raises four issues on
appeal.  We affirm.

 

Background

            Appellant was charged by indictment
with thirteen counts of inappropriate sexual conduct with three children,[1]
each of whom resided at the same residence in which Appellant temporarily
resided.  Appellant was also charged with
one count of failure to register as a sex offender.[2]  Appellant pleaded “not guilty” on all counts
and the matter proceeded to a bench trial.








            At trial, the three victims, B.M.,
B.S., and E.S. testified on behalf of the State.  E.S.’s brother, B.H., Palestine Police
Department Officer Patty Reed, Jennifer Mitchell of the Child Advocacy Center,
and sexual assault nurse examiner Andrea Sims also testified for the State. 

            By Count II of the indictment,
Appellant is alleged to have committed aggravated sexual assault against E.S.
by penetration or contact with her sexual organ by his mouth or tongue.  E.S. testified that Appellant touched her “privacy”
with his tongue.  Sims also testified
that during her interview with E.S., E.S. stated that Appellant “licked my
privacy.”  Further, B.S. testified that
E.S. told her that Appellant pulled her pants down and licked her “middle part.”  Sims testified that during her interview with
B.S., B.S. stated that Appellant “took off [her] sister’s clothes” and “licked
her thingy.”  By Count III of the
indictment, Appellant is alleged to have committed indecency with a child by
causing E.S. to touch his genitals.  E.S.
testified that Appellant made E.S. put his “privacy” on her mouth.  Likewise, B.S. testified that she saw
Appellant make E.S. “lick his privacy” by “pushing her head down.”

            By Count IV of the indictment, Appellant
is alleged to have committed indecency with a child by touching E.S.’s
genitals.  E.S. testified that Appellant
made her sit on his “middle part.”  B.H.
also testified that Appellant made E.S. sit on his “private.”  B.H. elaborated saying that Appellant “made
my little sister sit on his big bird, then 
. . .  started humping.”  Likewise, B.S. stated that she saw E.S. sit
on Appellant’s “privacy,” that Appellant had his hand on her waist, and “made
her go up and down.”  Moreover, Sims
testified that E.S. told her that Appellant “put his private part into my
private part” and “was trying to have sex with me.”

            By Count V of the indictment,
Appellant is alleged to have committed indecency with a child by exposing his
genitals to E.S.  E.S. testified that she
saw Appellant’s “privacy” and saw “white stuff” come out of Appellant’s “privacy.”  B.S. stated that she saw something “gooey”
come out of Appellant’s “privacy” while E.S. was sitting on it.  B.H. testified that he saw Appellant’s “big
bird,” and that he saw something come out of it, which “went on [his] little
sister’s hand.”

            By Count VII of the indictment,
Appellant is alleged to have committed indecency with a child by exposing his
genitals to B.S.  B.S. testified that she
saw Appellant’s “privacy” when he was in the bathroom.  Moreover, as set forth previously,  B.S. testified that she saw Appellant make
E.S. “lick his privacy.”  Furthermore,
B.S. stated that she saw E.S. sit on Appellant’s “privacy,” that Appellant had
his hand on her waist, and that Appellant “made her go up and down.”  B.S. also stated that she saw something “gooey”
come out of Appellant’s “privacy” while E.S. was sitting on it.  B.S. further described the appearance of
Appellant’s sexual organ as “big and hairy” and was able to draw a picture  of it.

            By Count XII of the indictment,
Appellant is alleged to have committed indecency with a child by touching B.M.’s
genitals.  B.M. testified that she fell
asleep while she and her sister were watching a movie.  At that time, Appellant was lying at the foot
of the bed.  B.M. testified that as she
slept, Appellant got on top of her and “put his private part into her private
part.”  B.M. further testified that when
she awoke, Appellant asked her if he had hurt her.  B.M. stated that she also noticed that her
panties had been moved from how they were when she had fallen asleep as the
waist band was turned down when she awoke. 
B.M. further stated that her “private spot” hurt when she went to the
bathroom.  Reid testified that B.M. told
her that Appellant had touched her in her “crotch area” over her clothes.

            By Count XIII, Appellant is alleged
to have failed to register as a sex offender. 
Palestine Police Department Sergeant Larry Bowyer testified that he is
the sex offender registration commander and reviewed Appellant’s file in June
2004.  Bowyer further testified that upon
review of Appellant’s file, he determined that Appellant was not in compliance
with his registration requirements because the file did not indicate that
Appellant had registered within thirty days of his January 24, 2002 birthday.

            Following the State’s presentation
of its case, Appellant rested without calling any witnesses.  Ultimately, the trial court found Appellant
guilty of the aforementioned counts and sentenced him as follows:

 








•                                             
                Imprisonment for life for Count
II, aggravated sexual assault of a child.

•                                             
                Imprisonment for twenty years
for Count III, indecency with a child.

•                                             
                Imprisonment for twenty-five
years for Count IV, indecency with a child.

•                                             
                Imprisonment for twenty years
for Count V, indecency with a child.

•                                             
                Imprisonment for twenty years for
Count VII, indecency with a child.

•                                             
                Imprisonment for twenty-five
years for Count XII, indecency with a child.

•                                             
                Imprisonment for ten years for
Count XIII, failure to register as a sex offender.

 

This
appeal followed.

Factual Sufficiency

            In his first issue, Appellant argues
that the evidence is factually insufficient to support the trial court’s
judgment.  In conducting a factual
sufficiency review, we must first assume that the evidence is legally
sufficient under the Jackson standard.  See Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We then
consider all of the evidence weighed by the fact finder that tends to prove the
existence of the elemental fact in dispute and compare it to the evidence that
tends to disprove that fact.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We must view all the evidence without the
prism of “in the light most favorable to the prosecution.” See Clewis,
922 S.W.2d at 129.

            The evidence may also be factually
insufficient if the evidence in support of the existence of a vital fact,
standing alone, is factually too weak to support it.  See Goodman v. State, 66 S.W.3d
283, 285 (Tex. Crim. App. 2001); Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).  In conducting
our factual sufficiency analysis, we review the fact finder’s weighing of the
evidence and are authorized to disagree with the fact finder's
determination.  See Clewis
922 S.W.2d at 133.  However, we are not
free to reweigh the evidence and set aside a verdict merely because we believe
that a different result is more reasonable. 
Id.  Rather, we must
employ appropriate deference to the fact finder’s role as the sole judge of the
weight and credibility of witness testimony, see Johnson,
23 S.W.3d at 7.  Where there is
conflicting evidence, the fact finder’s verdict on such matters is generally
regarded as conclusive.  See Van
Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
fact finder’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d at 11.

            Assuming as we must that the
evidence is legally sufficient to support the jury’s verdict, we have reviewed
the record in its entirety.  As Appellant
argues, the testimony of the child witnesses is not entirely free from
conflict.  Yet we iterate that our
evaluation should not substantially intrude upon the fact finder’s role as the
sole judge of the weight and credibility of witness testimony, see Santellan,
939 S.W.2d at 164, and where there is conflicting evidence, the fact finder’s
verdict on such matters is generally regarded as conclusive.  See Van Zandt, 932 S.W.2d at
96.   

            Our review of the record as a whole,
with consideration given to all of the evidence, both for and against the jury’s
finding, has not revealed to us any evidence that causes us to conclude that
the proof of guilt is so obviously weak or is otherwise so greatly outweighed
by contrary proof as to render Appellant’s conviction clearly wrong or
manifestly unjust.  Therefore, we hold
that the evidence is factually sufficient to support the jury’s verdict.  Appellant’s first issue is overruled.

 

Outcry Testimony

            In
his second issue, Appellant argues that the trial court erred in admitting the
outcry testimony from Reed because she was not listed by the State as an outcry
witness.  Appellant further argues that
the video testimony, which showed the interviews conducted by Mitchell at the
Child Advocacy Center, “exceeded the limitations of constitutional adherence to
the Sixth Amendment of the U.S. Constitution and resulted in a dire violation
of due process” and were not admitted under a legal exception as outcry
testimony.  

            A trial court has broad discretion
in determining the admissibility of outcry witness testimony.  See Garcia v. State, 792 S.W.2d
88, 92 (Tex. Crim. App. 1990).  The
exercise of such discretion will not be disturbed unless a clear abuse of
discretion is established by the record. 
Id.  A trial court’s
findings will be upheld when they are supported by the evidence.  Id.

            Outcry testimony is admissible in
spite of the hearsay rule with respect to statements that describe the alleged
offense where such statements (1) were made by the child against whom the
offense was allegedly committed and (2) were made to the first person, eighteen
years of age or older, other than the defendant, to whom the child made a
statement about the offense.  See Tex. Code Crim. Proc. Ann. art. 38.072 §
2(a), (b) (Vernon 2005).  To “describe
the alleged offense,” the statute demands that the statement must be “more than
words which give a general allusion that something in the area of child abuse
was going on[,]” but rather, must describe the offense “in some discernible
manner[.]”  Garcia, 792
S.W.2d at 91. 

            Admissible outcry witness testimony
is not person specific, but event specific. 
See Broderick v. State, 35 S.W.3d 67, 73 (Tex. App.–Texarkana
2000, pet. ref’d).  However, before more
than one outcry witness may testify, it must be determined that the outcry
concerned different events, and not simply a repetition of the same event as
related by the victim to different individuals. 
Id.

            In the instant case, the State
argues that Appellant’s arguments on appeal do not comport with his objection
at trial.  In order for an issue to be
preserved on appeal, there must be a timely objection that specifically states
the legal basis for the objection.  See
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Zillender
v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977); see also Tex. R. App. P. 33.1.  An objection stating one legal basis may not
be used to support a different legal theory on appeal. Id.

            With regard to Reed’s testimony,
Appellant’s objection to the trial court was that he believed “that the proper
outcry would be  . . .  the mother” as opposed to Reed, because the
first outcry was to the victims’ mother. 
Since Appellant’s objection at trial is different from his argument on
appeal that  Reed’s testimony was
improper because she was not listed as an outcry witness by the State,
Appellant has waived such an argument on appeal.

            With regard to Mitchell’s testimony
and the video tape evidence of her interviews, Appellant’s objection to the
trial court was that the video was inadmissible under Texas Rule of Criminal
Procedure article 38.071, section 5(a)(4) because the State had not satisfied
the requirement that the child’s statement not be made in response to
questioning calculated to lead the child to make a particular statement.  See Tex.
Code Crim. Proc. Ann. 38.071 § 5(a)(4) (Vernon 2005).  Again, Appellant’s objection at trial is
different from his argument on appeal. 
On appeal, Appellant argues that the video tape evidence of Mitchell’s
interviews was improper because it “exceeded the limitations of constitutional
adherence to the Sixth Amendment of the U.S. Constitution and resulted in a
dire violation of due process” and was not admitted under a legal exception as
outcry testimony.  Therefore, Appellant
has waived his argument on appeal. 
Appellant’s second issue is overruled.

 

Ineffective
Assistance of Counsel

            In his third issue, Appellant argues
that he received ineffective assistance of counsel.  Specifically, Appellant contends that his
trial counsel was ineffective in that he (1) failed to object when the two
child witnesses were allowed to provide testimony outside the presence of
Appellant without Appellant’s consent; (2) failed to object to the State’s
numerous leading questions asked of these witnesses; (3) failed to effectively
challenge the witnesses’ testimony on cross examination; and (4) failed to
properly relate the proceedings that were being conducted to Appellant to
apprise him of the testimony given or to allow him the opportunity to provide
meaningful input into this critical process.

            The proper standard by which to
gauge the adequacy of representation by counsel is articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674
(1984).  See also Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).  The test set forth in Strickland
requires a two step analysis:

 








 

1.             Did the attorney’s performance fail
to constitute “reasonably effective assistance,” i.e., did the
defense attorney’s representation fall below an objective standard of
reasonableness under prevailing professional norms? 

 

2.             If so, was there a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceedings could have been different?

 

 

See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  The test in Strickland is
properly applied to the punishment phase of a noncapital case as well.  See Hernandez, 988 S.W.2d at
772.  

            A “reasonable probability” was
defined by the Supreme Court as a “probability sufficient to undermine
confidence in the outcome.”  Id.  Counsel is strongly presumed to have rendered
adequate assistance and to have made all significant decisions in the exercise
of reasonable professional judgment.  See
Hernandez, 726 S.W.2d at 55. 
The burden is on the appellant to overcome that presumption.  See Burruss v. State, 20 S.W.3d
179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  The appellant must show specific acts or
omissions that constitute ineffective assistance and affirmatively prove that
those acts fall below the professional norm for reasonableness. Id.  

            After proving error, the appellant
must affirmatively prove prejudice.  Id.  The appellant must prove that his attorney's
errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. 
Id.  It is not
enough for the appellant to show that the errors had some conceivable effect on
the outcome of the proceedings.  Id.  He must show that there is a
reasonable probability that, but for his attorney’s errors, the jury would have
had a reasonable doubt about his guilt.  Id.


            In the case at hand, Appellant
argues at length that his trial counsel’s actions fell below the professional
norm.  However, even assuming arguendo
that the actions of Appellant’s trial counsel, as noted in Appellant’s brief,
satisfied the first prong of the Strickland test, Appellant must
still affirmatively prove prejudice.  See
Burruss, 20 S.W.3d at 186. 

            Despite repeated readings of
Appellant’s brief, we can uncover no argument addressing the second prong of
the Strickland test. 
Rather, Appellant makes only a passing reference to the issue,  stating,

 

....  The
severance of the Appellant from the trial process presents sufficient evidence
in regard to the conduct of the trial counsel, and which [sic] deprived the
Appellant from appropriate participation in the trial.  This in and of itself, supports the issue
presented herein that the Appellant did not receive effective assistance of
counsel and by such conduct involving critical witnesses, the outcome of the
trial should be rendered invalid.

 

 

We
iterate that the burden of proof as to this issue rests squarely upon
Appellant.  See Burruss, 20
S.W.3d at 186.  As such, we will neither
surmise nor devise our own conclusions absent some cogent argument on Appellant’s
behalf that but for his counsel’s alleged unprofessional errors, there exists a
reasonable probability that the result of the proceedings would have been
different.  We hold that Appellant has
failed to meet his burden under Strickland.  Appellant’s third issue is overruled.

 

Consecutive
Sentence

            In his fourth issue, Appellant
argues that the trial court abused its discretion in ordering that Appellant’s
twenty-five year sentence for his conviction for indecency with a child under
Count IV of the indictment be served consecutively to his sentences for his
other convictions.  Specifically,
Appellant argues that the trial court’s order is improper because the acts
involved in his other convictions arose out of the same criminal episode as the
acts alleged in Count IV.

            We review a trial court's cumulation
order under an abuse of discretion standard. Harvey v. State, 821
S.W.2d 389, 392 (Tex. App.–Houston [14th Dist.] 1991, pet. ref’d).  A trial court abuses its discretion when it
applies an erroneous legal standard or when no reasonable view of the record
supports the trial court's conclusion under the correct law and facts viewed in
the light most favorable to its legal conclusion.  Nicholas v. State, 56 S.W.3d
760, 764 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d) (citing DuBose
v. State, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996)).  As a practical matter, however, an abuse of
discretion generally will be found only if the trial court imposes consecutive
sentences where the law requires concurrent sentences, where the court imposes
concurrent sentences but the law requires consecutive ones, or where the court
otherwise fails to observe the statutory requirements pertaining to
sentencing.  Nicholas, 56
S.W.3d  at 765.  So long as the law authorizes the imposition
of cumulative sentences, a trial judge has absolute discretion to stack
sentences.  Id.

            Trial courts have the discretion to
order cumulative sentences in virtually every case.  See Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). The principal
exception to this rule is found in Texas Penal Code, section 3.03(a), which
provides that when a defendant is found guilty at a single trial of more than
one offense arising out of the same criminal transaction, the sentences for each
offense must run concurrently.  See Tex. Penal Code Ann. § 3.03(a) (Vernon
Supp. 2006).  Section 3.03(b)(2)(A)
creates an exception to this exception; that is, it exempts certain offenses,
including indecency with a child and aggravated sexual assault of a child, from
the application of section 3.03(a) regardless of whether the accused is
convicted of violations of the same section more than once or is convicted of
violations of more than one of the enumerated sections.  See
Tex. Penal Code Ann. §
3.03(b)(2)(A); Millslagle v. State, 150 S.W.3d 781, 784–85 (Tex.
App.–Austin 2004, pet. dism’d, untimely filed). 
In the case at hand, because of the nature of the offenses for which
Appellant was convicted, the trial court was authorized to cumulate the
sentence for indecency of a child under Count IV regardless of whether that
offense arose out of the same criminal episode. 
See Millslagle, 150 S.W.3d at 784–85.       

            Appellant cites Patterson v.
State, 152 S.W.3d 88 (Tex. Crim. App. 2004) in support of his argument that
a conviction should be barred as to an offense that is demonstrably part of the
commission of the greater offense.  See
id. at 92.[3]  In Patterson,
the defendant was charged with both sexual assault by penetrating the victim’s
anus and indecency with a child by contacting the victim’s anus.  Id. at 90.  In the case at hand, by Count II of the
indictment, Appellant is alleged to have committed aggravated sexual assault
against E.S. by penetration or contact with her sexual organ by his mouth or
tongue.  By Count III of the indictment,
Appellant is alleged to have committed indecency with a child by causing E.S.
to touch his genitals.  By Count IV of
the indictment, Appellant is alleged to have committed indecency with a child
by touching E.S.’s genitals.  None of
these offenses is a demonstrable part of or preparation for either of the other
offenses committed against E.S. 
Therefore, the instant case is distinguishable from Patterson.  Appellant’s fourth issue is overruled.

 

Disposition

            Having overruled Appellant’s first,
second, third, and fourth issues, we affirm the trial court’s
judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered
June 29, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT
PUBLISH)











[1] See Tex. Penal Code Ann. §§ 21.11, 22.021 (Vernon 2003 & Supp. 2006).





[2] See Tex. Code Crim. Proc. Ann. § 62.051 (Vernon 2006).





[3] Appellant’s reliance on Patterson is curious in the
context of his argument that his sentence for his conviction under Count IV was
improperly cumulated.  We read the court’s
analysis in Patterson as pertaining to double jeopardy, i.e.,
multiple punishments for the same conduct. 
See Patterson, 152 S.W.3d at 90.   But regardless of the context in which it is
presented, we will nonetheless consider the merits of Appellant’s argument.