NO.  07-06-0176-CR
07-06-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 10, 2007
_____

ALISTER CARLTON BULL A/K/A ALEISTER CARLTON BULL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 36,932-B, 36,933-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Alister Carlton Bull a/k/a Aleister Carlton Bull appeals his two convictions for aggravated assault with a deadly weapon.  In two issues, he asserts that the trial court erred by stacking his sentences and that cumulative sentencing was cruel and unusual punishment.  We modify one of the judgments, affirm it as modified, and affirm the other judgment.

Background

In August 1996, in an altercation outside an Amarillo bar, appellant stabbed the establishment's manager, Brian Day and one of its security personnel, John Jones. Appellant was indicted separately for the offenses of aggravated assault of Day and Jones with a deadly weapon. The matters proceeded under Potter County Cause Numbers 36,932-B and 36,933-B. In December 1996, appellant plead guilty as charged in both cases and received deferred adjudication with community supervision in each case.

In 1998, alleging violations of the terms of community supervision, the State filed motions to proceed with adjudication in both cases. The motions were resolved through orders of modification. Alleging new violations of probation, the State filed motions to proceed in both cases in 2000. Before these motions were heard, appellant absconded and was not located until November 2005. The State filed amended and second amended motions to proceed in both cases in February 2006. The trial court held a consolidated hearing of the State's motions to proceed in both cases in March 2006.

At the conclusion of the hearing, the court rendered judgments of guilt in both cases and sentenced appellant to twenty years confinement in the Texas Department of Corrections, Institutional Division in each case. The court ordered the sentences run consecutively.

Appellant did not object to cumulative sentencing at the March 2006 hearing, but raised this complaint in motions to reconsider filed in both cases. The record contains no

indication that the court took action on these motions. Appellant timely perfected appeal in both cases.

## Issues Presented

Appellant presents two issues. First, he claims the trial court abused its discretion by imposing concurrent sentences on offenses arising out of the same criminal episode prosecuted in a single criminal action. Second, he contends under the facts of his cases, consecutive sentencing violated his protections under the United States and Texas Constitutions against cruel and unusual punishment.

## Standard of Review

We review a complaint about consecutive sentences under an abuse of discretion standard. *Harvey v. State,* 821 S.W.2d 389, 392 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd). An abuse of discretion generally will be found only if (1) the trial court imposes consecutive sentences when the law requires concurrent sentences, (2) the trial court imposes concurrent sentences when the law requires consecutive sentences, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State,* 56 S.W.3d 760, 765 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd).

## Issue One - Consecutive Sentences

Cumulative sentencing is permitted only as provided by statute. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2006); *Harvey*, 821 S.W.2d at 392. The parties'

arguments focus upon Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2006).[1]  In relevant part § 3.03 provides:

> (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), [which has no application here] the sentences shall run concurrently.[2]

Same Criminal Episode

As noted, the two indictments leading to appellant's convictions arose from a single altercation outside an Amarillo bar.  During the course of the altercation appellant stabbed two victims with a deadly weapon.

Section 3.01 provides:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

---

[1] Citations to Tex. Pen. Code. Ann. shall hereinafter be by section number only.

[2] The applicable portion of § 3.03 in place in August 1996 bears no substantive difference to the current version of the section.

We find, and in its brief the State agrees, that the cases before us arose out of the same criminal episode.

## Single Criminal Action

Although agreeing with appellant that the trial court erred in cumulating his sentences, the State points out the record before us does not include a reporter's record from the 1996 plea hearings. Based on the record, we are thus unable to conclude that appellant plead guilty to the allegations in both indictments in one action. Thus, we must inquire further into the applicability of § 3.03.

Before us is the reporter's record of the March 2006 hearing of the State's 2006 motions to proceed. At this hearing, the court called the cases together, adjudicated appellant guilty of both offenses, and assessed punishment, in one proceeding. Prior to commencement of the evidence supporting revocation, the court reviewed separately the allegations of the motions, which were virtually identical, but gave common admonishments of voluntariness of pleas, competency, and citizenship. The presentation of testimonial evidence that followed was inseparable between the two cases. The one piece of documentary evidence received, a fictitious driver's license obtained by appellant, bears equally on both cases.

The Penal Code does not define the term "single criminal action," but the court of criminal appeals has held "a defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging

5

instrument or several, and the provisions of Section 3.03 then apply." *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App. 1992).

In *Robbins v. State,* 914 S.W.2d 582 (Tex.Crim.App. 1996) the defendant plead guilty separately to two indictments arising from the same criminal episode, but the trial court conducted one consolidated punishment hearing. *Id.* at 583. The court of criminal appeals held that the plea proceedings were not completed until punishment was assessed. *Id.* at 584. Because the offenses were consolidated for the punishment hearing, it found § 3.03 applied and the trial court erred by cumulating sentences. *Id.*

Here, adjudication of guilt and punishment occurred in a single unified hearing with no distinction of evidence. The intertwining of facts rendered it a single criminal action. *See, Polanco v. State,* 914 S.W.2d 269, 272 n.2 (Tex.App.–Beaumont 1996, pet. ref'd) (court pondered a pragmatic approach that inquires whether a separate statement of facts could be prepared for each proceeding, without reference to the other; a test the cases at bar could not survive because of their factual interdependence).

Despite the absence of a record showing that appellant's two indictments were presented in a single plea proceeding in 1996, he was adjudicated and punishment set in a single unified proceeding; therefore, we concur that Penal Code sections 3.01 and 3.03 required that appellant's sentences run concurrently, and the trial court abused its discretion by sentencing appellant consecutively. Appellant's first issue is sustained.

6

## Cruel and Unusual Punishment

In his second issue appellant seeks reversal and remand for the claim that the trial court's cumulation of sentences constitutes cruel and unusual punishment forbidden by U.S. Const. Amend. VIII, Tex. Const. art. I § 13, and Tex. Code Crim. Proc. Ann. art. 1.09 (Vernon 2005). We do not address the parties' arguments here as our disposition of appellant's first issue makes consideration of his second issue unnecessary.

## Conclusion

While the State and appellant agree that the court erred in rendering consecutive sentences, they do not agree on the proper disposition by this Court. Appellant seeks reversal and remand, while the State asks us to reform the judgment in Cause No. 36,933-B deleting therefrom all references that the sentence runs cumulative to, consecutive to, or in any way after completion of appellant's sentence in Cause No. 36,932-B.

When a trial court erroneously cumulates sentences, the appropriate remedy is to reform the judgment and delete the cumulation order. *Robbins,* 914 S.W.2d at 584.

Accordingly, we reform the judgment of the trial court in Cause No. 36,933-B and delete all reference suggesting that the sentence in that cause is to run cumulative to, consecutive to, or in any way after completion of the sentence in Cause No. 36,932-B. The judgment is affirmed as reformed, and the judgment in Cause No. 36,932-B is affirmed.

Also pending before the Court is appellant's motion requesting that we discharge his appellate attorney.  The motion is overruled.


James T. Campbell
Justice



Do not publish.