Alonzo Paul FRANK, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–98–00555–CR, 01–98–00559–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 27, 1999.

Rehearing Overruled June 18, 1999.

Robert Morrow, Spring, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

MURRY B. COHEN, Justice.

A jury found appellant guilty of aggravated robbery and aggravated assault. The jury found two enhancement paragraphs to be true and heard evidence of four prior felony convictions, including two for robbery, one for theft, and one for possessing a firearm. It assessed punishment at 60 years in prison for the aggravated assault and 99 years in prison for the aggravated robbery. We affirm the judgment in trial court Cause No. 751025 (our Cause No. 01–98–00559–CR). We modify the judgment in trial court Cause No. 751026 (our Cause No. 01–98–00555–CR) insofar as it provides the sentences in trial court Cause Nos. 751025 and 751026 shall run consecutively and order that the sentences shall run concurrently. As so modified, the judgment in trial court Cause No. 751026 (our Cause No. 01–98–00555–CR) is affirmed.

### Facts

Appellant and an accomplice attacked and robbed an armored guard courier who was delivering $61,000 to a credit union. The two men exchanged gunfire with the guard and then with nearby police officers. Appellant was arrested at the scene. Before his trial in state court, appellant was convicted in federal court, based on the

conduct described above, of bank robbery and weapons violations, and was sentenced to 30 years in federal prison.

### Analysis

■ In his first point of error, appellant contends the trial judge erred by excluding evidence during the punishment stage that appellant had been sentenced to thirty years in federal court for crimes arising from the same robbery as these cases. Appellant wanted the jury to know that he had been punished once for this conduct and "to give them some measure by which to assess punishment." Appellant offered testimony from his attorney in the federal case to prove these facts.

■ At the punishment stage, the court may admit evidence of "any matter the court deems relevant to sentencing...." Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.1999). Relevancy is a matter within the judge's discretion, which will be reversed only for a clear abuse of discretion. *Ford v. State,* 919 S.W.2d 107, 115 (Tex.Crim.App.1996).

The State objected on three grounds: (1) the judge granted a defense motion in limine on this subject before trial; (2) the federal case was still on appeal and, thus, was not a final conviction; and (3) because the federal crimes had different elements, the federal sentence was irrelevant, as it was not imposed for the same conduct.

■ The prosecutor's first and third reasons for the objection have no merit. An order granting a motion in limine is not a ruling on the merits. It is merely procedural. That the federal and state crimes had *different* elements is not determinative. Rather, we must take as true appellant's offer of proof that the federal prosecution was for the same facts. *See generally Kenneco Energy, Inc. v. Johnson & Higgins of Texas, Inc.,* 921 S.W.2d 254, 260 (Tex.App.—Houston [1st Dist.] 1995), *modified on other grounds,* 962 S.W.2d 507, (Tex.1998) (the issue in deciding whether multiple cases are the same cause of action is whether they are "based on the same nucleus of operative facts."). Here, both the federal and state actions were based upon the same nucleus of operative facts.

Nor was the federal sentence necessarily inadmissible because it was on appeal. The law provides:

> ... Evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing, including any other evidence of an extraneous crime or bad act that is ... committed by the defendant ..., *regardless of whether he has previously been charged with or finally convicted of the crime or act.*

Tex.Code Crim. Proc. Ann. art. 37.07, § (3)(a) (emphasis added); *Williams v. State,* 976 S.W.2d 330, 332 (Tex.App.— Corpus Christi 1998, no pet.). This statute is permissive, not mandatory. It provides that evidence "may" be offered that "the court deems relevant to sentencing...." As previously stated, the court's decision on relevance is discretionary, and the discretion is broad. *Ford,* 919 S.W.2d at 115.

The law does not require that all relevant evidence be admitted. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or of misleading the jury. Tex.R. Evid. 403. We believe these considerations probably motivated, and certainly support, the judge's discretionary decision to exclude this evidence. Appellant intended to argue that the 30 year federal sentence should mitigate against a long state sentence, even though he would have been simultaneously arguing in federal court that the federal sentence should be reversed. Imagine the response of lay jurors when the State responded that jurors should give no weight to the federal sentence because appellant was trying to have it reversed on appeal. Appellant would then presumably be entitled to respond that the appeal was likely to lose and to show statistical evidence that most appeals

fail or even expert evidence that his would fail. The hypothetical could continue from there. This scenario is bizarre, but not unlikely. It supports the judge's decision not to admit the evidence. We hold that the judge could have reasonably concluded that, even if this evidence was relevant, its probative value was substantially outweighed by its inherent danger of confusing the issues and of misleading the jury.

We overrule the first point of error.

█ In the second point of error, appellant contends the trial judge erred by cumulating the aggravated assault sentence upon the federal sentence.

The judge denied the State's motion to have the aggravated robbery sentence run consecutively; thus, that sentence runs concurrently with the federal sentence. However, the judge stacked the aggravated assault sentence onto the federal sentence. Thus, the 99 year sentence for aggravated robbery began immediately, while the 60 year sentence for aggravated assault was to begin only after appellant served his federal sentence.

Appellant contends the law requires the two state sentences to run concurrently. We agree. When, as here, an accused is found guilty of more than one offense arising from the same criminal episode prosecuted in a single criminal action, the sentences must be concurrent. TEX. PENAL CODE ANN. § 3.03(a) (Vernon Supp.1999); *see also Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App.1993) (holding sec. 3.03 to be mandatory and not subject to waiver). Therefore, appellant's two state sentences must run concurrently with each other. The judge erred by splitting them.

Because the judge denied the State's motion to cumulate the sentence in Cause No. 751025 for aggravated robbery, that sentence cannot be cumulated, and because both state sentences must run concurrently, the sole remedy is to reform the aggravated assault sentence in Cause No. 751026 to provide that it run concurrently with the aggravated robbery sentence in Cause No. 751025. *See Robbins v. State,* 914 S.W.2d 582, 584 & n. 1 (Tex.Crim.App. 1996) (reforming a judgment after determining that a cumulation order was invalid).

We sustain the second point of error. We rule as follows:

1. We affirm the judgment in trial court Cause No. 751025 (our Cause No. 01–98–00559–CR).

2. We modify the judgment in trial court Cause No. 751026 (our Cause No. 01–98–00555–CR) to delete all language providing that the sentence is cumulated. We render judgment that the sentence in Cause No. 751026 shall run concurrently with the sentence in Cause No. 751025. As so reformed, the judgment in trial court Cause No. 751026 (our Cause No. 01–98–00555–CR) is affirmed. The Clerk of this Court shall send a copy of this opinion and of our mandate to the Texas Department of Corrections.