# NOS. 12-13-00381-CR
# 12-14-00041-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD ALAN GRAHAM,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Appellant, Richard Alan Graham, guilty of cruelty to nonlivestock animals (a wire haired fox terrier and a Catahoula dog) and also found him guilty of cruelty to livestock (an Appaloosa stallion). The trial court fixed Appellant's punishment at confinement for 365 days. The court, however, suspended confinement and placed Appellant on community supervision for twenty-four months. In each case, Appellant presents the same issues. We affirm.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Appellant contends that his attorney should have moved for separate trials of the two accusations against him. This failure, Appellant argues, demonstrates a deficiency in performance so severe as to constitute ineffective assistance of counsel.

### Applicable Law

The standard for testing claims of ineffective assistance of counsel is set out in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional claims in ***Hernandez v. State***, 726 S.W.2d 53 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. ***Tong v.***

*State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

"The constitutional right to counsel does not mean errorless counsel." *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985), *modified on other grounds on remand from United States Supreme Court*, 766 S.W.2d 518 (Tex. Crim. App. 1988). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

## Separate Trials

A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (West 2011). The defendant, however, has an absolute right to severance upon demand. *Id.* § 3.04(a) (West 2011); *Coleman v. State*, 788 S.W.2d 369, 371 (Tex. Crim. App. 1990) (en banc). Subject to some statutory exceptions not pertinent here, the penal code provides that if a defendant is found guilty of more than one offense prosecuted in a single criminal action, the sentences assessed for those convictions shall run concurrently. TEX. PENAL CODE ANN. § 3.03(a) (West 2011); *Frank v. State*, 992 S.W.2d 756, 758 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

"The rule allowing severance rests upon two legitimate concerns: (1) that the jury may convict a 'bad man' who deserves to be punished–not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes, he probably committed the crime charged." *Llamas v. State*, 12 S.W.3d 469, 471-72 (Tex. Crim. App. 2000).

**Discussion**

Appellant argues that his counsel's failure to move for separate trials of the two indictments resulted in the admission of evidence pertaining to two offenses rather than one and deprived him of a fair trial. An offer of evidence of an extraneous offense to help prove an element of the charged offense is not nearly as convincing as a formal allegation of another offense at the same trial. There can be no disputing its admissibility. Evidence of it goes to the jury for all purposes without the usual limiting instructions concerning the jury's consideration of the extraneous offense. *Woodberry v. State*, Nos. 05-00-01823-CR, 05-00-01824-CR, 05-00-01825-CR, 2001 WL 1525906, at *1 (Tex. App.–Dallas Dec. 3, 2001, no pet.) (not designated for publication); *see also Cosio v. State*, 353 S.W.3d 766, 775 (Tex. Crim. App. 2011) (holding defendant not entitled to limiting instruction where State was permitted to proceed under several incidents of criminal conduct, as opposed to electing one).

Ordinarily, the State will derive a strategic benefit from the joint trial of the two accusations. However, in allowing the joint trial of the two offenses, Appellant evaded the possibility of consecutive sentencing in the event of his conviction of both. A defendant must decide whether the disadvantage of consolidation outweighs the risk of consecutive sentences if he exercises his right to sever. The decision is not always easily reached. Multiple factors may need to be considered such as whether evidence of the other crime will be admissible even if severed, the egregiousness of the offense, and the strength of the state's case generally. Here, the State's evidence was overwhelming in both cases. By failing to ask for separate trials, Appellant gained the benefit of concurrent sentencing.

Based on the record before us, we cannot conclude that the choice adopted by Appellant's counsel was not a reasonable trial strategy. Appellant cites no other examples of alleged deficient performance by his counsel. Appellant's first issue is overruled.

### ADMISSIBILITY OF PHOTOGRAPHS

In his second issue, Appellant complains that the trial court abused its discretion in overruling his objection to photographs showing bones of an unknown nature scattered on the premises where the animals were kept. Appellant argues that the probative value of the photographs was substantially outweighed by their prejudicial effect.

**Standard of Review and Applicable Law**

The admissibility of a photograph is within the sound discretion of the trial court. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007).

A photograph is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. Photographs that are relevant, that are shown to be correct, that illustrate disputed fact issues, and that accurately represent their subjects at a given time are ordinarily admissible to identify, illustrate, or explain persons, places, and things for the benefit of the jury. *Cotlar v. State*, 558 S.W.2d 16, 18 (Tex. Crim. App. 1977). Evidence regarding the context of the crime is a fact of consequence and photographs illustrating the context are generally admissible. *Wyatt v. State*, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). Ordinarily, a photograph is admissible if oral testimony regarding what is depicted in the photograph is also admissible. *Gallo*, 239 S.W.3d at 762.

If a photograph is otherwise admissible, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

Texas Rule of Evidence 403 allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. *Gallo*, 239 S.W.3d at 762. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Id*. Among the factors to be considered in weighing the probative value of photographs against their prejudicial effect are their gruesomeness, detail, size, the number of exhibits, the availability of other means of proof, and the circumstances unique to the case. *Id.* at 763.

**Discussion**

Appellant argues that the photographs of bones of an unknown nature scattered about on the ground were substantially more prejudicial than probative. The photographs illustrate the condition of the premises where Appellant kept the mistreated, unattended animals. Bones and skeletons littered the ground. The donkeys had gnawed bark from the trees. The slovenly, unkempt surroundings where the animals were kept reflect the distressing general lack of care the animals received. Moreover, we do not view the challenged photographs as unduly inflammatory. The probative value of the challenged photographs was not substantially outweighed by their

prejudicial effect. The trial court did not abuse its discretion in admitting them. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered August 13, 2014.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00381-CR**

**RICHARD ALAN GRAHAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 2

of Henderson County, Texas (Tr.Ct.No. 2012-0802CL2)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-14-00041-CR**

**RICHARD ALAN GRAHAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Henderson County, Texas (Tr.Ct.No. 2012-0803CL2)

        THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

        It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*