**Opinion filed March 18, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00091-CR

_____

### JESUS ROMAN-RODRIGUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-45,684**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jesus Roman-Rodriguez of possession of less than one gram of cocaine. The jury also assessed Appellant's punishment at confinement for a term of two years in the State Jail Division of the Texas Department of Criminal Justice, imposed a $10,000 fine, and recommended that payment of the fine be suspended and probated. The trial court ordered that the sentence of confinement be suspended, placed Appellant on community supervision for a term of five years, and

suspended the payment of the fine during the period of Appellant's community supervision. In his sole issue on appeal, Appellant challenges the trial court's denial of his proffer of punishment evidence. We affirm.

*Background Facts*

Eduardo Reyes worked as an armed security guard at Chekiro's, a sports bar in Ector County. At the end of the evening on March 1, 2015, Reyes observed Appellant drive a vehicle into three cars and the wall of a building. Reyes and his partner assisted Appellant, who smelled of alcohol, out of his vehicle and placed him in restraints. They also contacted the Odessa Police Department.

Jonathan Campbell is a detective with the Odessa Police Department. He was dispatched to Chekiro's on March 1, 2015. After he arrived, Detective Campbell spoke with the security guards and administered field sobriety tests to Appellant. Detective Campbell concluded that Appellant was impaired. He arrested Appellant for driving while intoxicated. While performing an inventory of Appellant's personal property during the booking process, Detective Campbell found in Appellant's wallet a folded dollar bill that contained a white substance. A field test on the substance yielded a positive result for cocaine.

Marissa Silva Gomez is a lab manager for the Texas Department of Public Safety in Midland. Gomez performed a scientific analysis of the substance in the dollar bill. She confirmed that it contained cocaine and that it had a net weight of 0.79 grams.

Appellant testified on his own behalf during the guilt/innocence phase of trial. Appellant testified that he was twenty years old when he entered the bar. He did not remember having or receiving the dollar bill that was admitted into evidence, did not know that he possessed it, and did not intend to possess it. During the punishment phase of trial, Appellant sought to offer evidence that he had been incarcerated for

2

twenty months prior to trial as a consequence of his immigration status. The trial court denied Appellant's requested offer of evidence.

*Analysis*

In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it excluded evidence of his federal immigration detention, which Appellant asserts was admissible to assist the factfinder in assessing his punishment. He asserts that he proffered this evidence to show the jury that he had already been punished for the offense for which he was being tried because he was detained by ICE as a result of his immigration status. Appellant asserts that this evidence was relevant to the jury's consideration of the appropriate sentence.

During his offer of proof, Appellant testified that, as a result of his arrest for the underlying case and his immigration status, he was confined for eighteen months while in the custody of the United States Immigration and Customs Enforcement agency (ICE) and that he was confined in Odessa for three months. Defense counsel explained to the trial court that he intended to use this evidence in support of his argument that a minimum sentence would be proper because Appellant had already been confined because of his immigration status. In response, the trial court explained that Appellant's immigration status was not relevant to the case and that Appellant's detention because of his federal immigration status was "a Federal issue, not a State [issue]."

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S. W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

At the punishment phase of trial, there are no discrete factual issues; instead, the task of deciding what punishment to assess is a normative process. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999) (citing *Miller-El v. State*, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990)). "[A]dmissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy." *Miller-El*, 782 S.W.2d at 895. The jury is entitled to consider "any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2020). "Relevancy in the punishment phase is 'a question of what is helpful to the [factfinder] in determining the appropriate sentence for a particular defendant in a particular case.'" *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006) (quoting *Rogers*, 991 S.W.2d at 265). Thus, a trial court has broad discretion in determining the admissibility of evidence presented at the punishment phase of trial. *Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.— Houston [1st Dist.] 2000, pet. ref'd).

Admitting evidence in a state court proceeding that a defendant is an unauthorized immigrant is a risky proposition. *See Gutierrez v. State*, No. 05-12-01278-CR, 2014 WL 1118135, at *5–6 (Tex. App.—Dallas Mar. 20, 2014, no pet.) (not designated for publication); *see also TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241–44 (Tex. 2010). Federal law solely governs the consequences of a person's status as an immigrant. *Gutierrez*, 2014 WL 1118135, at *5–6. As noted in *Gutierrez*, a state is not permitted to punish an alien based on his illegal presence in the United States. *Id.* at *6 n.4 (citing *Arizona v. United States*, 567 U.S. 387, 402–03 (2012)).

Appellant testified during the offer of proof that he was detained by ICE due to his immigration status after being arrested for the underlying charge. He did not testify or present other evidence that his federal immigration detention was imposed as a punishment for his state charge for the offense of possession of cocaine. As

4

noted above, the trial court noted that this analytical gap between the reason for Appellant's detention by ICE and the underlying charge was the reason why the trial court did not find the proffered evidence to be relevant. This determination by the trial court did not constitute an abuse of discretion. If the trial court had admitted the evidence that Appellant had been detained by ICE, an explanation of why Appellant had been detained would likely have led to the disclosure of his immigration status—a matter that is fraught with risk.

Rule 403 of the Texas Rules of Evidence permits the trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or the danger of misleading the jury. TEX. R. EVID. 403. The State cites *Frank v. State*, 992 S.W.2d 756, 757–58 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd), as being instructive in the application of Rule 403 to the issue in this case. We agree. The defendant in *Frank* was arrested after he and an accomplice had robbed an armed courier who was delivering funds to a credit union. *Id.* at 756. After his arrest, the defendant was convicted in federal court and was sentenced to confinement in federal prison for a term of thirty years; he was then tried and convicted in state court for charges arising from the same conduct. *Id.* at 756–57. On appeal, the defendant asserted that the trial court erroneously excluded punishment evidence that showed he had been sentenced in federal court to confinement for a term of thirty years for the same conduct for which he had been tried in state court. *Id.* at 757. The defendant desired to present this evidence to the jury to show that he was being punished in federal court for his conduct and to "mitigate against a long state sentence." *Id.*

The court in *Frank* noted that Section 3(a) of Article 37.07 does not require the admission of all relevant evidence and that evidence may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of confusion or of misleading the jury. *Id.* The court concluded that that these

5

considerations supported the trial judge's exercise of discretion in excluding the proffered evidence. *Id.*

In this case, the State asserts that, if the trial court had ruled that Appellant's proffered evidence was relevant and had admitted it during punishment, the jury would have learned of Appellant's undocumented status. This would have injected references to federal immigration laws and their attendant issues into the jury's determination of a proper punishment for Appellant's state-based drug conviction. For this reason, we agree that the marginal value of Appellant's federal detention evidence to the mitigation of his state punishment was substantially outweighed by its inherent danger of confusing the issues and misleading the jury. Accordingly, the trial court did not abuse its discretion by excluding the evidence of Appellant's detention by ICE because of his immigration status. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


March 18, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[1]

Trotter, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.