# NO. 12-22-00215-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON CHANDLER GASTON, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Aaron Chandler Gaston appeals his conviction for driving while intoxicated (DWI). In a single issue, Appellant contends the trial court abused its discretion in ordering that"his sentences run consecutively. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by information with the offense of DWI in trial court cause number 002-81237-22. Pursuant to an open plea, Appellant pleaded "guilty." During the same plea hearing, Appellant pleaded "guilty" to four other cases: three DWI cases (trial court cause numbers 002-81236-22, 002-81235-22, 002-80212-22) and a possession of marijuana case (trial court cause number 002-81234-22). Pursuant to plea agreements, Appellant agreed to serve 200 days of confinement and pay a $100 fine in one of the DWI cases, trial court cause number 002-81235-22, and agreed to twenty days of confinement in the marijuana case. The parties agreed those sentences would run concurrently.

Following Appellant's "guilty" plea, the trial court conducted a sentencing hearing. The trial court sentenced Appellant to 350 days of imprisonment in this DWI case (trial court cause number 002-81237-22). It further ordered that Appellant's sentence be stacked with the other cases to which he pleaded "guilty." Appellant objected, and the trial court overruled his

objection. The trial court's order, change in status form, and commitment order each note that Appellant's sentence is to run consecutively with his sentence in cause number 002-81236-22, another DWI case. Appellant filed a motion for new trial, alleging the cumulation order is improper. The trial court denied the motion. This appeal followed.

**CUMULATION OF SENTENCES**

In his sole issue, Appellant contends the trial court abused its discretion when it ordered that his DWI sentences run consecutively. The State concedes the error.

**Standard of Review and Applicable Law**

Under article 42.08 of the Code of Criminal Procedure, the trial judge has the discretion to cumulate the sentences for two or more convictions. *Smith v. State,* 575 S.W.2d 41, 41 (Tex. Crim. App. 1979); *Harvey v. State,* 821 S.W.2d 389, 392 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); TEX. CODE CRIM. PROC. ANN. art. 42.08 (West 2018). A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion. *DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State,* 955 S.W.2d 85, 90 (Tex. Crim. App. 1997). As a practical matter, however, an abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State*, 56 S.W.3d 760, 764–65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). In short, so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences. *Quintana v. State,* 777 S.W.2d 474, 480 (Tex. App.—Corpus Christi 1989, pet. ref'd) (citing *Smith,* 575 S.W.2d at 41, *Carney v. State,* 573 S.W.2d 24, 27 (Tex. Crim. App. 1978)).

Texas Penal Code Section 3.03 statutorily limits the trial court's general authority under Texas Code of Criminal Procedure Article 42.08 to order consecutive sentences. *See LaPorte v. State,* 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Subject to some statutory exceptions not pertinent here, Section 3.03 provides that if a defendant is found guilty of more than one offense prosecuted in a single criminal action, the sentences assessed for those convictions shall run

concurrently. TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2022); ***Frank v. State***, 992 S.W.2d 756, 758 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (West 2021). "Criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person when (1) the offenses are committed pursuant to the same transaction; (2) pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (3) the offenses are the repeated commission of the same or similar offenses. *Id.* § 3.01 (West 2021). A defendant is prosecuted in "a single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. ***Ex parte Carter***, 521 S.W.3d 344, 346–47 (Tex. Crim. App. 2017).

## Analysis

Appellant argues, and the State concedes, he was prosecuted in a single criminal action for DWI offenses arising out of the same criminal episode. All of Appellant's five charges were called together by the trial court on the same day and during the same plea hearing. Appellant pleaded "guilty" to each case at the same time. And the trial court assessed punishment in each case at the same hearing. Four of the charges involved repeated commission of the same offense: DWI. And the remaining charge involved possession of marijuana. The trial court did not order that the DWI sentence in this case run consecutively with the possession case. It ordered it to run consecutively with another DWI case. As a result, the trial court abused its discretion in ordering the sentences run consecutively. *See* TEX. PENAL CODE ANN. § 3.03(a); ***Nicholas***, 56 S.W.3d at 764-65; ***Frank***, 992 S.W.2d at 758.

However, the cumulation order does not appear in the judgment, and the State argues we have nothing to reform. But we have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *see also* ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd). Here, the cumulation ruling appears on the trial court's order, change in status form, and commitment order. Specifically, each one states, "to run consecutive with 002-81236-22." Furthermore, the trial court orally pronounced that the sentences would run consecutively. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.

3

*Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Once he leaves the courtroom, the defendant begins serving the sentence imposed. *Id.* Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey*, 979 S.W.3d at 328.

Having determined the trial court abused its discretion, we set aside the order of cumulation, and the trial court's judgment should be modified to reflect that Appellant's sentence run concurrently. *See Moore v. State*, 371 S.W.3d 221, 229 (Tex. Crim. App. 2012) (setting aside cumulation order where trial judge abused discretion by cumulating sentences and appellate court erred by affirming cumulation order); *see also Morris v. State*, 301 S.W.3d 281, 295-96 (Tex. Crim. App. 2009) (citing *Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) (noting that when trial court erroneously cumulates sentence, remedy is to delete cumulation order so sentences run concurrently). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we set aside the cumulation order and *modify* the judgment to reflect that his sentences run concurrently. We *affirm* the judgment *as modified*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2023**

**NO. 12-22-00215-CR**

**AARON CHANDLER GASTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-81237-22)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the cumulation order be set aside and the judgment of the court below be **modified** to reflect that Appellant's sentences run concurrently; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*