# NOS. 12-22-00074-CR
# 12-22-00075-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES O. BROWN,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James O. Brown appeals his convictions for burglary of a habitation in trial court cause number CR-20-9195 and aggravated assault with a deadly weapon against a family member in trial court cause number CR-20-9194. In two issues, Appellant challenges the sufficiency of the evidence and the trial court's cumulation order. We modify the judgments, affirm the judgment in trial court cause number CR-20-9195 as modified, and remand trial court cause number CR-20-9194 for reformation and a new punishment hearing.

### BACKGROUND

Appellant was charged by separate indictments with burglary of a habitation[1] and aggravated assault with a deadly weapon against a family member.[2] He pleaded "not guilty," and the matter proceeded to a jury trial.

---

[1] A first-degree felony as alleged, punishable by imprisonment for a term of life, or not more than ninety-nine years or less than five years, and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 30.02(a)(3), (d) (West 2019); 12.32 (West 2019).

[2] A first-degree felony punishable by imprisonment for a term of life, or not more than ninety-nine years or less than five years, and a possible fine not to exceed $10,000.00. *See id*. §§ 22.02(a), (b)(1) (West Supp. 2022); 12.32.

At trial, the evidence showed that Tiffany Barnes opened her apartment door to leave and saw Appellant, with whom she had a previous dating relationship. When she saw him, she ran back inside and tried to close the door. Appellant prevented her from doing so by impeding the door with his foot. After a brief struggle, Appellant entered the apartment and attacked Barnes with his fists. He then picked up Barnes's son's baseball bat and repeatedly struck her head with it. Barnes lost consciousness, awoke with Appellant choking her with a chain and vowing to kill her, and lost consciousness again. The next time she regained consciousness, Appellant was dragging her outside. When Barnes's neighbors asked what was happening, Appellant said that Barnes was drunk. The neighbors disbelieved Appellant and called the authorities. Appellant ran away but was apprehended a short time later.

Emergency medical technician Hunter Nash examined Barnes and found that she was dazed and unable to communicate much at first. Barnes's face was swollen. Her mouth was bleeding where her teeth pushed through her lip. An area of her head was soft, indicating a likely skull fracture and possible brain bleed. Barnes's left eye was "free-floating" and not moving synchronously with her right eye, so Nash wrapped both eyes to prevent further damage. Barnes was transported to a hospital in Nacogdoches and subsequently life-flighted to a hospital in Tyler. Barnes was surgically treated for the brain bleed and spent over a week in the hospital recovering from her injuries.

Ultimately, the jury found Appellant "guilty" as charged in the indictments and expressly found that he used or exhibited a deadly weapon during the commission of the assault. After hearing the punishment evidence, the jury assessed Appellant's punishment at imprisonment for ninety-nine years in the aggravated assault case and twenty years in the burglary of a habitation case. This appeal followed.

<u>**CUMULATION ORDER**</u>

In Appellant's first issue, he argues that the trial court erred by ordering that his sentences run consecutively. The State concedes the error.

**Standard of Review and Applicable Law**

Under Article 42.08 of the Texas Code of Criminal Procedure, the trial judge has the discretion to cumulate the sentences for two or more convictions. ***Smith v. State***, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979); ***Harvey v. State***, 821 S.W.2d 389, 392 (Tex. App.—Houston [14th

Dist.] 1991, pet. ref'd); TEX. CODE CRIM. PROC. ANN. art. 42.08 (West 2018). A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion. *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), *overruled on other grounds by* **Guzman v. State**, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997). As a practical matter, however, an abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State*, 56 S.W.3d 760, 764-65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). In short, so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences. *Quintana v. State*, 777 S.W.2d 474, 480 (Tex. App.—Corpus Christi 1989, pet. ref'd) (citing *Smith*, 575 S.W.2d at 41, *Carney v. State*, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978)).

Texas Penal Code Section 3.03 statutorily limits the trial court's general authority under Texas Code of Criminal Procedure Article 42.08 to order consecutive sentences. *See* **La Porte v. State**, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Subject to statutory exceptions for certain offenses, Section 3.03 provides that if a defendant is found guilty of more than one offense prosecuted in a single criminal action, the sentences assessed for those convictions shall run concurrently. TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2022); *Frank v. State*, 992 S.W.2d 756, 758 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (West 2021). "Criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person when (1) the offenses are committed pursuant to the same transaction; (2) pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (3) the offenses are the repeated commission of the same or similar offenses. *Id.* § 3.01 (West 2021). A defendant is prosecuted in "a single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Ex parte Carter*, 521 S.W.3d 344, 346-47 (Tex. Crim. App. 2017).

**Analysis**

Appellant argues that because his conviction for burglary of a habitation is not among Section 3.03's statutory exceptions, the trial court erred by ordering the cumulation of his sentences. The State concedes that Appellant's sentences must run concurrently under Section 3.03. We agree. The burglary and the aggravated assault arose out of the same criminal episode and were prosecuted in a single criminal action. Neither burglary of a habitation nor aggravated assault is excluded from Section 3.03's general requirement that the sentences for offenses arising out of the same criminal episode and prosecuted in a single criminal action be served concurrently. *See* TEX. PENAL CODE ANN. § 3.03(b) (West Supp. 2022). Therefore, the trial court abused its discretion by ordering that the sentences run consecutively. *See id.*; *Nicholas*, 56 S.W.3d at 764-65; *Frank*, 992 S.W.2d at 758.

Having determined the trial court abused its discretion, we set aside the order of cumulation, and the trial court's judgments should be modified to reflect that Appellant's sentences run concurrently. *See Moore v. State*, 371 S.W.3d 221, 229 (Tex. Crim. App. 2012) (setting aside cumulation order where trial judge abused discretion by cumulating sentences and appellate court erred by affirming cumulation order); *see also Morris v. State*, 301 S.W.3d 281, 205-96 (Tex. Crim. App. 2009) (citing *Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) (noting that when trial court erroneously cumulates sentence, remedy is to delete cumulation order so sentences run concurrently)). We sustain Appellant's first issue.

**EVIDENTIARY SUFFICIENCY**

In Appellant's second issue, he argues that the evidence is insufficient to support his conviction for aggravated assault with a deadly weapon against a family member because there is insufficient evidence that 1) he and Barnes were "family" under Texas Family Code Section 71.003 as alleged in the indictment, and 2) he used or exhibited a deadly weapon during the assault.

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[3] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v.*

---

[3] 443 U.S. 307, 315-16, 99S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

4

*State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S. W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 642 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In the hypothetically correct jury charge, the law as "authorized by the indictment" means the statutory elements of the offense as modified by the charging instrument. *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). A hypothetically correct charge need not incorporate allegations that give rise to immaterial variances. *Id.*

In pertinent part, the aggravated assault statute reads as follows:

> (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:

(1) causes serious bodily injury to another, including the person's spouse; or

(2) uses or exhibits a deadly weapon during the commission of the assault.

(b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if:

(1) the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.

TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West Supp. 2022). Under Section 71.003,

"[f]amily includes individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code, individuals who are former spouses of each other, individuals who are the parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together.

TEX. FAM. CODE ANN. § 71.003 (West 2019).

The indictment in the aggravated assault case alleges that Appellant

intentionally, knowingly, and recklessly cause[d] serious bodily injury to [Barnes] by striking [her] about the head multiple times, and [he] did then and there use or exhibit a deadly weapon, namely a baseball bat and a chain, during the commission of the assault and [Barnes] was a member of [Appellant's] family, as described by Section 71.003 of the Texas Family Code."

Therefore, based on the hypothetically correct jury charge, the State was required to prove that 1) Appellant intentionally, knowingly, or recklessly caused serious bodily injury to Barnes by striking her head, 2) he used or exhibited a deadly weapon, specifically a baseball bat or a chain, during the assault, and 3) Barnes was a member of his family, as described by Texas Family Code Section 71.003. *See Malik*, 953 S.W.2d at 240.

**Variance**

Appellant first argues that the evidence is insufficient to sustain his conviction for first-degree aggravated assault because the State presented no evidence that he and Barnes are "family" under family code Section 71.003. We agree that the State presented no such evidence. Nonetheless, the State contends it presented sufficient evidence that Appellant and Barnes are "family" under Section 71.003 because 1) Barnes testified she and Appellant had a dating

6

relationship fifteen years prior to the offense, 2) Barnes testified Appellant spent a night at her current apartment sometime prior to the offense, 3) Appellant's sister, Joyce Brown, testified Appellant sometimes stays with Barnes, and 4) Joyce testified Appellant believed Barnes's youngest daughter was his child.[4] While this evidence might tend to show that Appellant and Barnes had a "dating relationship" as described in family code Section 71.0021(b), we agree with Appellant that none of this evidence, nor any other evidence in the record, shows that he and Barnes are "family" under Section 71.003. *See* TEX. FAM. CODE ANN. § 71.003. Although evidence of a "dating relationship" can support a conviction for first-degree aggravated assault when such a relationship is pleaded in the indictment, no such relationship was pleaded in this case, resulting in a variance between the pleading and the proof. *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

A variance between pleading and proof can occur in two ways. ***Johnson***, 364 S.W.3d at 294. First, a variance can happen when a statute specifies alternate methods by which an offense could be committed, the charging instrument pleads one of the alternate methods, and the state instead proves an unpled method. ***Id.*** This type of variance is always material, and the failure to prove the statutory language pled renders the evidence legally insufficient to support the conviction. ***Id.*** at 294-95. Second, a variance can involve a non-statutory allegation that is descriptive of the offense in some way. ***Id.*** at 294. This type of variance can be material or immaterial depending on whether it would result in conviction for a different offense than that alleged. ***Hernandez v. State***, 566 S.W.3d 308, 314 (Tex. Crim. App. 2017).

The variance here is of the first type. Because the State pleaded one statutory method by which first-degree felony aggravated assault can be committed but instead proved an unpled method, the variance between the pleading and the proof is material, and the evidence is insufficient to support first-degree felony aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1); ***Johnson***, 364 S.W.3d at 294-95. Accordingly, we sustain this part of Appellant's second issue.

**Deadly Weapon**

Appellant further argues the evidence that he used or exhibited a deadly weapon during the assault is insufficient because no evidence corroborates Barnes's claim that he strangled her

---

[4] Joyce also testified that the child is not Appellant's daughter despite Appellant's alleged belief. Other evidence also shows that she is not his daughter, including Barnes's testimony and a court order finding that another individual is the child's biological father.

with a chain, and Barnes's testimony conflicts with other evidence and was not credible. First, he observes that one of the responding police officers testified he did not see bruising on Barnes's neck consistent with the marks a chain would leave, and Nash testified he did not see any injuries on Barnes's throat. Additionally, Appellant contends that Barnes's testimony is unreliable because she testified she used PCP sometime before the encounter. Finally, he observes that the State did not produce any fingerprint evidence showing he touched the baseball bat and chain found at the scene. The State contends the evidence Appellant used or exhibited a deadly weapon is sufficient because one of the responding officers testified that Barnes's injuries were consistent with the injuries that would result from an assault with a baseball bat and a chain.

Despite Appellant's arguments related to particular evidence that was or was not presented, and evidence that might tend to make a witness's testimony less credible, we conclude the evidence is sufficient to support the jury's deadly weapon finding. In determining legal sufficiency, the law requires no particular type of evidence. *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). Moreover, the jury was the sole judge of Barnes's credibility and the weight to be given her testimony. *See **Brooks***, 323 S.W.3d at 899; *see **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789. Furthermore, in addition to Barnes's testimony that Appellant struck her with a baseball bat and choked her with a chain, and the testimony of Barnes and others regarding the serious injuries to her head, evidence showed that a bloody baseball bat and a bloody chain were found at the scene. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant used or exhibited a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE ANN. § 1.07(17)(B) (West 2021) (defining "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Brooks***, 323 S.W.3d at 899. Accordingly, we overrule this part of Appellant's second issue.

## Reformation

Having determined that the evidence is legally insufficient to support Appellant's conviction for first-degree aggravated assault under Section 22.02(b)(1), we must now consider whether the judgment should be reformed to reflect a conviction for the lesser-included offense of second-degree aggravated assault with a deadly weapon under Section 22.02(a)(2). *See **Thornton v. State***, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014). When an appellate court

8

determines the evidence is insufficient to support a conviction for a greater-inclusive offense, reformation is required if the following two questions can be answered affirmatively: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? *See id.*

Here, the two questions can be answered affirmatively. First, in the course of convicting Appellant under Section 22.02(b)(1), the jury must have necessarily found every element necessary to convict the appellant under Section 22.02(a)(2). *Compare* TEX. PENAL CODE ANN. § 22.02(b)(1) *with* TEX. PENAL CODE ANN. § 22.02(a)(2). Furthermore, after conducting an evidentiary sufficiency analysis as though Appellant was convicted of aggravated assault with a deadly weapon under Section 22.02(a)(2) at trial, we conclude that there is legally sufficient evidence to support a conviction for that offense. *See id.* § 22.02(a)(2); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Accordingly, the judgment in trial court cause number CR-20-9194 should be reformed to reflect a conviction for second-degree aggravated assault with a deadly weapon and a punishment trial should be held to determine Appellant's punishment for this offense. *See Thornton*, 425 S.W.3d at 299-300, 307.

## DISPOSITION

Having sustained Appellant's first issue and part of his second issue, we *remand* trial court cause number CR-20-9194 to the trial court to reform the judgment to reflect a conviction for the offense of second-degree aggravated assault under Section 22.02(a)(2) and to hold a punishment hearing attendant to this post-reformation conviction. We set aside the cumulation orders in trial court cause numbers CR-20-9194 and CR-20-9195 and *modify* the judgments to reflect that the sentences run concurrently. We *affirm* the trial court's judgment in trial court cause number CR-20-9195 *as modified*.

GREG NEELEY
Justice

Opinion delivered March 15, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 15, 2023**

**NO. 12-22-00074-CR**

**JAMES O. BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CR-20-9194)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court to **reform** the judgment to reflect a conviction for the offense of second-degree aggravated assault under Texas Penal Code Section 22.02(a)(2) and to hold a punishment hearing attendant to this post-reformation conviction. It is further ORDERED, ADJUDGED and DECREED that this Court set aside the cumulation order and **modify** the judgment to reflect that the sentence run concurrently with trial court cause number CR-20-9195; in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 15, 2023**

**NO. 12-22-00075-CR**

**JAMES O. BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CR-20-9195)

_____

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the sentence run concurrently with trial court cause number CR-20-9194; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*